UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v. 19 Cr. 254 (ALC)

REGINALD FOWLER,

Defendant.

------------------------------x

New York, N.Y.
May 15, 2019
4:45 a.m.

Before:

HON. ANDREW L. CARTER, JR.
District Judge

APPEARANCES

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
BY: SHEB SWETT
DAVID ZHOU
Assistant United States Attorneys

NAT SCOTT ROSENBLUM
MICHAEL HEFTER
JAMES MCGOVERN
Attorneys for Defendant

ALSO PRESENT: Mohammed Ahmed, U.S. Pretrial
Todd McGee, F.B.I.

(In open court)

(Case called)

MR. SWETT: Good afternoon, your Honor. Sheb Swett and David Zhou for the government, joined at counsel table by special agent Todd McGee of the F.B.I.

MR. MCGOVERN: Good afternoon, your Honor. Jim McGovern on behalf of Reginald Fowler. I'm joined here by Scott Rosenblum and Michael Hefter.

MR. AHMED: Good afternoon, your Honor. Mohammed Ahmed on behalf of pretrial services.

THE COURT: Good afternoon. OK, so this is Mr. Fowler's first appearance in front of me. Is this his first appearance in this district?

MR. SWETT: Yes, your Honor.

THE COURT: And was he previously informed of his rights when he was presented in the other district?

MR. SWETT: I believe he was, your Honor.

THE COURT: All right. And was he previously arraigned on the indictment?

MR. SWETT: He was not.

THE COURT: OK.

All right. Mr. Fowler, have you seen a copy of the superseding indictment that's been filed against you in this case?

THE DEFENDANT: Yes, sir.

THE COURT: OK. Now, I see you standing to show respect for the court. While that's nice, you don't need to do that. The acoustics here aren't great. Why don't you just stay seated so you can speak into the microphone and I can hear everything you have to say.

Have you seen a copy of the superseding indictment that's been filed against you?

THE DEFENDANT: Yes, sir.

THE COURT: And have you discussed it with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: All right. The superseding indictment has four counts. Count One charges a conspiracy to commit bank fraud. It reads as follows: From at least in or about February 2018, up to and including in or about October 2018, in the Southern District of New York and elsewhere, Reginald Fowler and Ravid Yosef, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to execute, and attempt to execute, a scheme and artifice to obtain any of the monies, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18 United States Code, Section 1344, to wit, Fowler opened

numerous U.S.-based business bank accounts at several different banks, and in opening and using these accounts Fowler and Yosef falsely represented to those banks that the accounts would be primarily used for real estate investment transactions, even though Fowler and Yosef knew the accounts would be used and were in fact used by Fowler, Yosef, and others to transmit funds on behalf of an unlicensed money transmitting business related to the operation of cryptocurrency exchanges. In violation of Title 18 United States Code, Section 1349.

Do you understand Count One, Mr. Fowler?

THE DEFENDANT: Yes, sir.

THE COURT: Count Two charges bank fraud. It reads as follows: From at least in or about that same period of time, in the Southern District of New York and elsewhere, that you, and others known and unknown, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain money, funds, assets, securities, and other property owned by, and under the custody and control of, such financial institution by means of false and fraudulent pretenses, representations, and promises, to wit, Fowler and Yosef opened and used numerous bank accounts at financial institutions that were insured by the Federal Deposit Insurance Corporation, including a bank based in Manhattan, New York, and in so doing

falsely represented to these financial institutions the accounts would be primarily used for real estate investment transactions even though Fowler and Yosef knew that the accounts would be used, and was in fact used by Fowler, Yosef and others, to transmit funds on behalf of an unlicensed money transmitting business related to the operation of cryptocurrency exchanges. Title 18 United States Code, Sections 1344 and 2.

Do you understand Count Two, Mr. Fowler?

THE DEFENDANT: Yes, sir.

THE COURT: Count Three charges a conspiracy to operate an unlicensed money transmitting business.

From in or about that same period of time, you and others, known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, operation of an unlicensed money transmitting business in violation of Title 18 United States Code, Section 1960.

It was a part and object of the conspiracy that Reginald Fowler, the defendant, and others known and unknown, did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business affecting interstate and foreign commerce, in violation of Title 18 United States Code, Section 1960.

Count Three charges the following overt act: In

furtherance of the conspiracy, and to effect the illegal objects thereof, Reginald Fowler, the defendant, together with others known and unknown, committed the following overt act in the Southern District of New York and elsewhere:

On or about August 8, 2018, Fowler opened a bank account with a bank in Manhattan, New York, for the purpose of conducting an unlicensed money transmitting business. Title 18 United States Code, Section 371.

Do you understand Count Three, Mr. Fowler?

THE DEFENDANT: Yes, sir.

THE COURT: Count Four, operation of an unlicensed money transmitting business reads as follows: From at least in or about that same period of time, the defendant, and others known and unknown, did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business affecting interstate and foreign commerce, in violation of Title 18 United States Code, Section 1960 and 2.

Do you understand that count, Mr. Fowler?

THE DEFENDANT: Yes, sir.

THE COURT: In addition, there are forfeiture allegations and a substitute asset provision. Have you seen those and discussed those with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: And, counsel, have you discussed all of

the counts as well as the forfeiture allegation and the substitute asset provision with your client?

MR. MCGOVERN: Your Honor, yes. Generally we have gone over the counts in the indictment and the possibility of forfeiture.

Your Honor, I just have one question. I wasn't aware that there was a superseding indictment. Is there a superseding indictment?

THE COURT: What I have before me is labeled a superseding indictment. Anything else from the government on that?

MR. SWETT: No, there is a superseding indictment. I believe it was unsealed not the day of Mr. Fowler's arrest but perhaps three or four days after.

THE COURT: OK. What I am reading from is -- OK, let me just find out.

MR. MCGOVERN: So, when Mr. Fowler was arrested the government sent us a copy of the unsealed indictment, and that's what we have been looking at. And from what I can tell the superseder may have corrected some issues and provided a little bit more detail, but we haven't seen that before today. So, when we're answering these questions about the terms of this indictment, we didn't even know there was a superseding indictment. That's kind of our --

THE COURT: It very well may be the same thing. It

doesn't have the same sort of caption that superseding indictments frequently have. It's a document that was filed on April 30, 2019, unless there is something else.

MR. SWETT: Your Honor, the superseding indictment includes the same counts. It has another defendant Ravid Yosef. To be candid, we obviously would have sent the superseding indictment to defense counsel. When we unsealed it, we erroneously assumed they were getting ECF alerts and they would have seen it there. I know having spoken to Mr. McGovern before this proceeding that they haven't actually started getting those ECF alerts.

THE COURT: So, do you want to take a quick break then and give counsel a chance to look at that? It seems like it may very well be similar, but I will give counsel a chance to look over that with your client.

Counsel, do you have it now?

MR. SWETT: I printed out a copy of the underlying indictment, but I can pull up a copy on my phone.

MR. MCGOVERN: One of my colleagues has pulled one off PACER. We just didn't know that they had superseded the indictment. So, if we could have just a minute or two to go over it. The substance of the counts seem to be the same as before, so it's just a matter of making sure it's precise.

THE COURT: OK, I will be back.

(Recess)

THE COURT: OK. So now, counsel, have you had a chance to go over the superseding indictment with your client?

MR. MCGOVERN: Yes, I have.

THE COURT: And, Mr. Fowler, do you understand the four counts in the superseding indictment?

THE DEFENDANT: Yes, sir.

THE COURT: Have you discussed those with your attorney?

THE DEFENDANT: Yes, your Honor.

THE COURT: All right. And, counsel, defense counsel, do you have any doubts about your client's competence to proceed?

MR. MCGOVERN: No, your Honor.

THE COURT: OK. Mr. Fowler, how do you plead to Counts One through Four of the superseding indictment?

THE DEFENDANT: Not guilty, your Honor.

THE COURT: How do the parties wish to proceed?

MR. SWETT: Your Honor, the government is preparing discovery right now. It's somewhat voluminous. It consists of recordings made by the defendant in the government's possession, statements the defendant made to the government, e-mails that were recovered pursuant to search warrants, bank records and phone subscriber and e-mail subscriber records that were obtained pursuant to subpoena. It consists of some documents that have been obtained from other witnesses in this

case. And then finally at the time of the defendant's arrest there was a search of his business. We have sort of collected that material. It includes digital data as well as hard copies of documents. And we are processing it right now. We would request four weeks to produce discovery. We have discussed this with defense counsel, and I believe they are amenable to that schedule.

THE COURT: OK. Defense counsel, how do you want to proceed?

MR. MCGOVERN: Your Honor, that sounds like a fine plan for the production of discovery. We would waive speedy trial time during this process. We have requested a plea offer from the government. We have also made an oral Brady request this morning for the production of all SARS filings by any of the banks that are involved in this case that would have been filed as a result of any of this alleged money transmitting business, and also any SARS reporting on any other money transmitting businesses accounts that were being used by these banks for the same purposes. Other than that, we have agreed upon a bond in this case, and we are in the process of perfecting that bond with the security of real estate and some cosigners.

THE COURT: OK. So how much time do you want before the next court date? And I suppose along with that is where -- I don't need an address, but what state is Mr. Fowler residing

in?

MR. MCGOVERN: Mr. Fowler lives in Chandler, Arizona, your Honor.

THE COURT: So, how much time are you looking for, counsel? The government will take four weeks to produce discovery. I guess do you want another 60 days after that and then come back then?

The other thing that we could do, or in addition to that, since Mr. Fowler lives in Arizona, I will allow defense counsel to waive his appearance at any status conference if all we're going to be doing is just adjourning the case for another date, unless counsel for the government wants to be heard on that.

MR. SWETT: No, the government would not object to that.

THE COURT: OK. And certainly Mr. Fowler if he wishes can come to every status conference; he can appear by phone if he would like to as well.

So, I don't think it makes sense to put the case off for four weeks, because it's going to take the government that long to produce the discovery. Defense counsel will need some time to review this and engage in some discussions. Can we put this case off towards the end of July? Is that enough time, counsel?

MR. MCGOVERN: I think that would be good, your Honor.

THE COURT: OK. So let's get a date towards the end of July, Tara.

DEPUTY COURT CLERK: Friday, July 26 at 11:30?

THE COURT: Does that date and time work for everyone?

MR. SWETT: Yes, your Honor.

MR. MCGOVERN: Your Honor, that's Mr. Fowler's daughter's birthday. Is it possible we could go earlier in that same week?

THE COURT: Sure. How about the 31st?

MR. MCGOVERN: I think I'm unavailable that week, the following week. The preceding week I'm fine.

THE COURT: How about the 24th, does that work?

MR. MCGOVERN: That should be fine.

MR. SWETT: That works for the government, your Honor.

THE COURT: OK. Do we have time on that day, Tara?

DEPUTY COURT CLERK: 10 a.m.

THE COURT: So July 24, ten a.m. for the next status conference. Again, depending on where we are with the case, I will allow defense counsel if he wants to to waive his client's appearance and have Mr. Fowler appear by phone or not at all, if counsel want to adjourn that. We will be adjourned to July 24. Based on the representations made in court, I find that it's in the interests of Mr. Fowler and in the interests of justice to exclude time under the Speedy Trial Act from today's date until July 24. I further find that Mr. Fowler's interests

and the interests of justice outweigh the public's interest in a speedy trial, and I will enter an order to that effect.

Anything else from the government today?

MR. SWETT: Your Honor, we do consent to Mr. Fowler's bail. He hasn't satisfied all of the conditions. Can we set a two week target to satisfy all the remaining conditions of his bail?

THE COURT: Defense counsel?

MR. MCGOVERN: Only that we will be filing our notices of appearance on PACER, and Mr. Rosenblum is not admitted in the Southern District of New York. He is in the process of his pro hac application, so I just wanted to state that on the record.

THE COURT: Do you have any objection to a two week target date for perfecting the bond?

MR. MCGOVERN: No, your Honor.

THE COURT: So, let's set that date for two weeks from today to perfect the bond. So let's have the bond perfected by May 29. Anything else from the government?

MR. SWETT: No. Thank you, your Honor.

THE COURT: Anything else from the defense?

MR. MCGOVERN: No, your Honor.

THE COURT: OK. We are adjourned. Thank you.

(Adjourned)