J9gnfowc

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                           19 Cr. 254 (ALC)

5   REGINALD FOWLER,

6                   Defendant.             Conference

7   ------------------------------x

8                                          New York, N.Y.
                                           September 16, 2019
9                                          10:15 a.m.

10  Before:

11
                    HON. ANDREW L. CARTER, JR.,
12
                                           District Judge
13
                              APPEARANCES
14
    GEOFFREY S. BERMAN
15       United States Attorney for the
         Southern District of New York
16  BY:  SEBASTIAN A. SWETT
         JESSICA K. FENDER
17       Assistant United States Attorneys

18  HOGAN LOVELLS
         Attorneys for Defendant
19  BY:  JAMES McGOVERN
         MICHAEL HEFTER

20

21

22

23

24

25

                SOUTHERN DISTRICT REPORTERS, P.C.
                       (212) 805-0300

J9gnfowc

1           (Case called)

2           THE DEPUTY CLERK:  Counsel, please state your

3    appearance.

4           For the government?

5           MR. SWETT:  Good morning, your Honor.  Sheb Swett and

6    Jessica Fender, for the United States.

7           MS. FENDER:  Good morning, your Honor.

8           THE DEPUTY CLERK:  For the defendant?

9           MR. McGOVERN:  Good morning, your Honor.

10          Jim McGovern and Michael, Hefter for the defendant,

11   Richard Fowler, who has waived his appearance for this status

12   hearing.  As you recall the Court was OK with that when we were

13   last here because he lives in Chandler, Arizona.

14          THE COURT:  OK.  Thank you.  What is the status of

15   this matter?

16          MR. SWETT:  Your Honor, the government has produced

17   all discovery except for files that were seized from

18   Mr. Fowler's businesses at the time of the arrest.  Those had

19   taken a while to get processed by the FBI.  They have been

20   recently been processed.  We have a hard drive from defense

21   counsel, and we are going to put all of those materials on that

22   hard drive.  At that point discovery will have been finally

23   produced.

24          We have started preliminary plea negotiations.  There

25   is no formal offer, but we are anticipating that there will be

J9gnfowc

1   an offer at some point soon.  We have told defense counsel

2   that, notwithstanding the plea negotiations, we are still

3   investigating this matter, and, should we not reach a

4   resolution, we will likely supersede with additional charges.

5          Having said that, our request today -- and we

6   discussed this with defense counsel -- would be to set a

7   conference in early November.  That would give the government

8   time to make a plea offer and likely time for the defendant to

9   consider that offer.  That way when we are in front of the

10  Court in November it could be either for a change of plea or at

11  that point we can move forward with the case.

12         THE COURT:  OK.

13         Anything else from the defense counsel?

14         MR. McGOVERN:  No, your Honor.  That all seems

15  accurate.

16         THE COURT:  All right.

17         One other thing:  In mid-July in chambers we received

18  a letter from an individual making statements about this case.

19  We e-mailed a copy of that letter to defense counsel and the

20  government to get their view as to what should be done with

21  that, whether it should be docketed or not.  We have a response

22  from the government.  We don't have a response from defense

23  counsel.

24         Did defense counsel get that letter.

25         MR. McGOVERN:  No, I never received that.

J9gnfowc

1       THE COURT:  We have another copy.

2       MR. McGOVERN:  OK.  Great.

3       It sounds like something I would have found very

4   interesting.

5       With the Court's permission, we will take this back to

6   our office and take a closer look and then respond to the

7   Court.

8       THE COURT:  OK.

9       MR. McGOVERN:  Copying the government obviously.

10      THE COURT:  All right.  Just so you are aware, the

11  government has already responded to that and you can talk to

12  the government about their response.

13      MR. McGOVERN:  Sure.

14      THE COURT:  I will await a response from defense

15  counsel.  In the interim, let's adjourn this matter.

16      I believe we have time on Wednesday, November 6, Tara?

17      THE DEPUTY CLERK:  The parties have said the first

18  week of November didn't work for them.  The date I suggested

19  was November 13 at 11:15.

20      THE COURT:  That's fine.  Does that work for everyone?

21      MR. McGOVERN:  That does, your Honor.

22      MR. SWETT:  Yes, your Honor.

23      THE COURT:  So November 13 at 11 o'clock is the next

24  date here.  Based on the representations made by counsel in

25  open court, I would exclude time under the Speedy Trial Act so

J9gnfowc

1   that defense counsel may have more time to review the discovery

2   and prepare for trial and also so that the parties may continue

3   to negotiate in plea negotiations.  I find that the interests

4   of justice and the interest of Mr. Fowler outweigh the public's

5   interest in a speedy trial, and I will enter an order to that

6   effect.

7              Anything else from the government?

8              MR. SWETT:  No.  Thank you, your Honor.

9              THE COURT:  Anything else from the defense?

10             MR. McGOVERN:  No.  Thank you, your Honor.

11             THE COURT:  OK.  We are adjourned.

12             (Adjourned)

13

14

15

16

17

18

19

20

21

22

23

24

25