K358FOWC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4                v.                        19 Cr. 254 (ALC)

5   REGINALD FOWLER,

6                Defendant.

7   ------------------------------x
                                          New York, N.Y.
8                                         March 5, 2020
                                          3:10 p.m.
9
    Before:
10
                    HON. ANDREW L. CARTER, JR.,
11
                                          District Judge
12
                            APPEARANCES
13
    GEOFFREY S. BERMAN
14       United States Attorney for the
         Southern District of New York
15   JESSICA FENDER
         Assistant United States Attorney
16
    HOGAN LOVELLS US LLP
17       Attorneys for Defendant
    BY:  JAMES McGOVERN
18       MICHAEL HEFTER
             -and-
19   ROSENBLUM, SCHWARTZ & FRY P.C.
    BY:  NAT SCOTT ROSENBLUM
20

21

22

23

24

25

K358FOWC

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, please state your

3     appearance for the government.

4          MS. FENDER:  Good afternoon, your Honor.  Jessica

5     Fender on behalf of the government.

6          THE DEPUTY CLERK:  For the defendant.

7          MR. McGOVERN:  James McGovern, Michael Hefter, and

8     Scott Rosenblum, on behalf of Mr. Fowler, who is present.

9          Good afternoon, your Honor.

10          THE COURT:  Good afternoon.  I understand that Mr.

11     Fowler needs to be arraigned on the superseding indictment.  Is

12     that correct?

13          MS. FENDER:  It is, your Honor.

14          THE COURT:  Mr. Fowler, have you reviewed the

15     superseding indictment with your attorneys?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  You can just stay seated and that way you

18     can speak directly into the microphone.

19          Defense counsel, is that correct, have you reviewed

20     the superseding indictment with your client?

21          MR. McGOVERN:  That's correct.

22          THE COURT:  There are five counts in the superseding

23     indictment.  It appears to me at first blush that the

24     superseding indictment is identical to the prior indictment,

25     with the exception of the fact that Count Five has been added,

K358FOWC

1   a wire fraud count.  Is that correct, counsel?

2              MS. FENDER:  Yes, your Honor.

3              THE COURT:  Defense counsel.

4              MR. McGOVERN:   Correct.

5              THE COURT:  So, Mr. Fowler, again, I am not going to

6   read the entire indictment.

7              Count One charges you with a conspiracy to commit bank

8   fraud and Count Two charges bank fraud.

9              Do you understand that?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Count Three charges a conspiracy to

12  operate an unlicensed money transmitting business, and Count

13  Four charges the operation of an unlicensed money transmitting

14  business.

15             Do you understand?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Count Five charges wire fraud.  Since this

18  is a new count, I will read Count Five.

19             Count Five charges that, from at least in or about

20  June 2018 up to and including at least in or about February

21  2019, in the Southern District of New York and elsewhere,

22  Reginald Fowler, the defendant, willfully and knowingly, having

23  devised and intending to devise a scheme and artifice to

24  defraud, and for obtaining money and property by means of false

25  and fraudulent pretenses, representations, and promises,

K358FOWC

1    transmitted and caused to be transmitted by means of wire,

2    radio, and television communication in interstate and foreign

3    commerce, writings, signs, signals, pictures, and sounds for

4    the purpose of executing such scheme and artifice, to wit,

5    Fowler defrauded individuals associated with a professional

6    sports league in connection with his acquisition of an

7    ownership stake in the league by falsely claiming personal

8    ownership of funds that were, in truth and in fact, funds

9    Fowler had obtained through the unlicensed money transmitting

10   business charged in Count Four of this indictment, and by

11   converting those individuals' funds toward his investment in

12   the league, in violation of Title 18, United States Code,

13   Sections 1343 and 2.

14           Do you understand that count, Mr. Fowler?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  How do you plead to Counts One through

17   Five of the superseding indictment?

18           THE DEFENDANT:  Not guilty, your Honor.

19           THE COURT:  How do the parties want to proceed?

20           MS. FENDER:  Your Honor, I think what probably makes

21   sense is for me to give you a brief status from the last time

22   that we were here, and then to discuss trial scheduling.

23           We last were before your Honor in January.  At that

24   time, we had anticipated that Mr. Fowler would enter a change

25   of plea.  As your Honor is aware, that did not happen.  The

K358FOWC

plea was withdrawn, and shortly thereafter we filed the

superseding indictment, which your Honor just arraigned Mr.

Fowler on.

        So in the interim period, we produced discovery as

contemplated.  On February 28, we completed that production.

There's additional documents that we are planning to produce in

the next week that we discussed with defense counsel that we do

not believe constitute Rule 16 discovery or *Brady* or *Giglio*

material, but based on discussions with the parties and in an

abundance of caution, we are producing certain materials on an

attorneys-eyes-only basis just so that there are no further

delays or cause for concern.

        So at this point the trial is scheduled for April 27,

and the government's position is that we are prepared to

proceed to trial.  In fact, this case has been pending for

almost a year, and we are in a position where I think we feel

that we can appropriately proceed, and, in fact, after your

Honor last saw the parties, and Mr. Fowler initially sought to

enter a change of plea and then did not, there was some

discussion even from the defense counsel side about taking back

the exclusion of speedy trial time.  We opposed that because

time has been excluded through April, we think appropriately,

but we had understood that Mr. Fowler's team also was

interested in pursuing a speedy trial.  At this time, however,

we have been informed that, given the superseding indictment,

K358FOWC

1    the defense may wish to seek an adjournment of the trial, so I

2    think we need to address that scheduling issue today.

3            THE COURT:  OK.  Defense counsel.

4            MR. McGOVERN:  Judge, the superseding indictment has

5    changed the complexion of this case dramatically.  It is not

6    the simple money transmitter bank fraud, you didn't tell the

7    bank the specific use of the money that you intended it for.

8    Now we have a new charge that involves a claim that Mr. Fowler

9    defrauded the American Alliance of Football somewhere during

10   the course of eight months of negotiations.  I didn't want to

11   interrupt the Court in your prior arraignment of Mr. Fowler

12   when you said the charges are essentially identical.  They are

13   identical in that they are the same code sections, but I have

14   never really seen a situation where a superseding indictment

15   provides less detail than the one before it.  And here, this is

16   a situation where I think we are going to be moving for a bill

17   of particulars because we have really no idea what it is that

18   Mr. Fowler is being charged with with respect to having made

19   false representations to the American Alliance of Football --

20   when it occurred, how it occurred, what negotiations they were

21   talking about during the course of this.

22           So while it may be true that the case has been pending

23   for almost a year, it's not really fair to say that somebody

24   has been dragging their feet and we are not getting to trial as

25   quickly as we should, because the case has just changed

K358FOWC

dramatically by the inclusion of this new count involving a

league, that appeared to be failing in the middle of 2018, that

was planning to have a kickoff in the beginning of 2019,

approached Mr. Fowler and engaged in months' long negotiations.

Now, while the government may say they are ready to go

because they spoke to a couple of people at the league and

found out some things -- and I don't want to be glib about that

because I have virtually no discovery on any of this thus far.

I received within the past couple of days a disk that has a

series of text messages on it between my client and some other

folks.  But as far as what actually happened here, we have very

little by way of a description from the pleading, from the

indictment, or anything that's been fully framed out by the

discovery that we received, and we just received it now.  And

that other tranche of discovery that the prosecutor mentioned

is upwards of 30,000 documents that need to be reviewed by the

defense.  That's our understanding.  We haven't received it

yet, but that's our understanding.

So we would be asking for an adjournment of the trial

date, such that we can properly defend Mr. Fowler, do the

investigation, obtain the discovery that we still have yet to

obtain, conduct our own investigation of the validity of these

charges, because we have very, very serious questions about

this new charge that was just added; while the case has been

around for a year, this new charge has only been around for two

K358FOWC

1    weeks.  So that's where we are.

2              Your Honor, as far as the inclusion of a conversation

3    about the defense's view of speedy trial in this conversation,

4    I would just say, Judge, that when we were looking at this, and

5    they told us that they were ready to go to trial, we weren't

6    envisioning that the superseding indictment would include this

7    charge in the way that it's in there, where we were just

8    saying, look, if we are just going to try this case without

9    this charge in there yet, then we might as well not be waiving

10   speedy trial time.  That's all we said.  But right now we are

11   in a different posture.  Now we are, in our view, hamstrung in

12   our ability to proceed.

13             MS. FENDER:  May I respond briefly, your Honor?

14             THE COURT:  Before you do, let me just find out.

15             What is it you're asking for, counsel?

16             MR. McGOVERN:  We are asking for an adjournment of the

17   April trial date so we can prepare for trial, we can get the

18   discovery that is due to us, and so that we can adequately

19   prepare and do our own investigation.  These charges involve

20   people and places and events that occurred all over this

21   country, and with respect to the underlying charges,

22   potentially all over the world.

23             THE COURT:  How much extra time are you looking for?

24             MR. McGOVERN:  The problem is that we have other

25   competing trial schedules.  So we are looking for the fall.

K358FOWC

1          THE COURT:  Counsel for the government.

2          MS. FENDER:  Just very briefly, your Honor, because I

3     don't want to engage in too much of a back and forth here, but

4     I just want to point out to put this in perspective and why the

5     government is opposing this requested adjournment.

6          Under the anticipated plea for Mr. Fowler, Mr. Fowler

7     was going to have to allocute to this precise conduct, and that

8     plea agreement in which this allegation was laid out is dated

9     November 16, 2019.  So these charges are not a surprise to

10    anyone.  We do think that under the circumstances it is

11    appropriate to proceed as planned in April, and that's what we

12    would ask your Honor to do.

13         THE COURT:  I will grant the defense request for an

14    adjournment of the trial.  Defense counsel, you indicated that

15    you are looking for some date in the fall.  Remind me again as

16    to -- well, don't remind me.  Tell me now, with the inclusion

17    of this extra charge, what is the parties' estimate of the

18    length of the trial.  I understand defense counsel may not be

19    in a great position to give me an estimate of what their case,

20    if any, might be like, but let me hear from the government.

21    What is the anticipated length of the trial here?

22         MS. FENDER:  Your Honor, we are anticipating between

23    three to four weeks for the government case.  And we did

24    discuss with defense prior to appearing today.  We understand

25    that they believe there might be an affirmative case that might

K358FOWC

1    last anywhere from three days to a week.  So we are looking for

2    four or five weeks for trial.

3          THE COURT:  Anything else from defense counsel on

4    that?

5          MR. McGOVERN:  No.  We are generally in agreement with

6    that, your Honor.

7          THE COURT:  Are counsel available on Monday, October

8    19, to start the trial?

9          MS. FENDER:  Yes, your Honor.  The government would be

10   ready.

11         MR. ROSENBLUM:  Your Honor, that date in the fall is

12   one of the few dates that doesn't work for me.  I am scheduled

13   to start a case that has been set for quite a while, which is a

14   civil rights case, in federal court in the Eastern District on

15   28th of September.  So this case would clearly overlap that.

16         THE COURT:  How long will the other trial last?

17         MR. ROSENBLUM:  Two weeks, ten days.

18         THE COURT:  How about Wednesday, October the 28th?

19   Would that give you enough time, counsel?

20         MR. ROSENBLUM:  That would work.

21         MS. FENDER:  Your Honor, the problem with that is that

22   my co-counsel, Sebastian Swett, has a trial that we anticipate

23   will go in front of Judge Cote at the end of November.  So

24   given the length of this trial, if we set it that late, we are

25   going to start potentially overlapping.

K358FOWC

1          THE COURT:  When is the other trial supposed to start?

2          MS. FENDER:  Unfortunately, Mr. Swett is not here and

3     I don't know the precise date, but I have been advised end of

4     November.  I don't know what the calendar is right now.  But he

5     is lead counsel on this case, and we are opposing this

6     adjournment in any event, but certainly we think that we can

7     proceed to trial before October.

8          I had discussed briefly with Ms. Hunter-Hicks the idea

9     of potentially setting this for sometime in August, if your

10    Honor is amenable, and we would ask to give defense the time

11    that your Honor has decided that they are entitled to, but to

12    still proceed with due haste to trial.

13         THE COURT:  I don't think August would be particularly

14    feasible.  It's typically difficult to get jurors in August,

15    and it's typically difficult to get jurors for a case where the

16    allegations are not the kind of allegations that would appear

17    on a CBS fall drama, and a case that's going to last four weeks

18    it would be kind of difficult to get jurors.

19         MS. FENDER:  Can I have just one moment to confer with

20    defense?

21         THE COURT:  Sure.  Confer with defense counsel.

22         (Counsel confer)

23         MS. FENDER:  I thought maybe I had a solution, but I

24    did not.

25         At this point, with respect to the schedule through

K358FOWC

1    2020, it appears that it's potentially December?

2              MR. ROSENBLUM:  December is fine.

3              MS. FENDER:  Potentially starting something in

4    December, although with the holidays and everything that may

5    present its own challenges.

6              I will note, for whatever it is worth, obviously Mr.

7    Fowler is out on bail and so he is not incarcerated at this

8    time, to the extent that it means that we need to set a

9    potential trial date that everyone can do in 2021, but that is

10   a significant adjournment here.

11             THE COURT:  Let me just find out from the government

12   again to get clarity on your position.  The defense had

13   requested an adjournment to the fall.  I suggested one date.

14   One of the defense attorneys said that date wasn't good for

15   them so we pushed it back to, October 28 was the date I

16   suggested.  You indicated that your co-counsel is supposed to

17   be starting a trial at the end of November?

18             MS. FENDER:  Yes, your Honor.  And I understand it's a

19   complex trial in front of Judge Cote in which he anticipates

20   needing to prepare for trial for three to four weeks before

21   that, that would be his dedicated commitment.  I just think,

22   under the circumstances, he has been a counsel that has been

23   associated with this case from the very beginning, he charged

24   this case, and it does not seem appropriate under the

25   circumstances, when we are ready to go to trial in April, that

K358FOWC

1  we would set the trial for a time when it's impossible for him

2  to appear.

3        THE COURT:  I understand that, but I guess I am

4  wondering, though, if he is starting a complex trial the end of

5  November, does the December date still create a problem for

6  him?

7        MS. FENDER:  My understanding is -- yes, it does.

8  You're right, your Honor.  You're absolutely right.

9        THE COURT:  It seems to me that it might be --

10        MS. FENDER:  You're absolutely right.

11        THE COURT:  I guess I will state this, and I will give

12  counsel a chance to think about this some more.  The

13  government, on the one hand, is complaining that this case is

14  taking too long.  The defense is entitled to a speedy trial,

15  but a particular government attorney's unavailability is not

16  something that in and of itself is excludable under the Speedy

17  Trial Act.  If defense counsel want more time, and would need

18  or could benefit from additional time to prepare the case for

19  trial, I can certainly put the case off until January, I

20  suppose, but I don't want to run into a situation in which --

21  in terms of the availability, the defense is ready and

22  available, I believe, to start the trial on October 28, is what

23  they have indicated.  The extra delay would be triggered by the

24  government's lack of availability.  It seems to me that defense

25  counsel very well may still want more time and can benefit from

K358FOWC

1    more time to prepare this case for trial.

2            I guess what I am trying to figure out is, given what

3    we have had thus far earlier in this proceeding, I don't want

4    to have any back and forth in which the defense is going to

5    say, not that I think they actually could, that we now want to

6    take back speedy trial time, or we don't want to waive speedy

7    trial time, or the government is complaining about the extra

8    delay in setting a trial date.  So I will give counsel a chance

9    to confer with themselves again.  Again, I can try this case on

10   October the 28th.  Defense says they are available then.  We

11   can push this off to January, if that's something that the

12   parties agree to, and if the defense is willing to exclude

13   speedy trial time and wants that extra time to prepare for

14   trial, that's fine.  But I will give counsel a chance to confer

15   with themselves and think about those dates, and I will step

16   back out here for a few minutes and then come back out.

17           MS. FENDER:  Thank you, your Honor.

18           THE COURT:  I am also available, if you wanted to try

19   this case starting July 7, we can do that as well.  That is

20   another potential date.  I will let counsel confer.

21           MS. FENDER:  Your Honor, before you leave, I think we

22   do have a proposal.

23           THE COURT:  What is the proposal?

24           MR. McGOVERN:  We are going to propose the January

25   date, and in doing that we have conferred with the government.

K358FOWC

1    We have taken a lot of your comments to heart and thought about

2    them, and so I do think that we will really benefit from the

3    additional time.  And I have conferred with Mr. Fowler about

4    this, and he believes our side will benefit from the fact that

5    we have more time to investigate these new allegations, and

6    certainly having Mr. Rosenblum be available to try the case

7    would also be an asset to us as well.  With all of that in

8    mind, we are willing to waive the speedy trial time up until

9    that new date.

10               THE COURT:  OK.  Can we get a date in January, the

11   middle of January.

12               THE DEPUTY CLERK:  Monday, January the 11th.

13               THE COURT:  Does that work for everyone?

14               MS. FENDER:  Yes, your Honor.  Thank you.

15               MR. McGOVERN:  Yes, your Honor.

16               MR. ROSENBLUM:  Yes, your Honor.

17               THE COURT:  We will schedule the case for a jury trial

18   and selection to start on Monday, January 11, at 9:30.

19               Based on the representations made in open court, I

20   find it's in the interest of justice and the interest of Mr.

21   Fowler to exclude time under the Speedy Trial Act from today's

22   date until January 11.

23               Let me just confirm again, Mr. Fowler, you understand

24   what is happening here?

25               THE DEFENDANT:  Yes, your Honor.

K358FOWC

1          THE COURT:  If you want an earlier trial date, I will

2     give you an earlier trial date.

3          Do you understand that?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  And your attorneys have indicated that

6     they would like and might need extra time to prepare for trial.

7          Do you understand that?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  And your attorneys have indicated they are

10    going to waive the Speedy Trial Act from today's date until

11    January 11.

12         Do you understand that?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Are you in agreement with that?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  OK.  Again, I find it's in the interests

17    of justice and the interest of Mr. Fowler to exclude time under

18    the Speedy Trial Act from today's date until January 11 and

19    that those interests outweigh the public's interest in a speedy

20    trial, and I will enter an order to that effect.

21         Let's set some dates now and start working backwards.

22         MS. FENDER:  While we are doing that, the motion dates

23    obviously for the trial.  I also note that defense's pretrial

24    motions were due last Friday and we had agreed to adjourn those

25    until we got everything sorted out, so we need dates for that

K358FOWC

1   as well.

2           THE COURT:  Let's schedule the final pretrial

3   conference for Thursday, January the 7th.

4           What time do we have available that day, Tara?

5           THE DEPUTY CLERK:  10 a.m.

6           THE COURT:  Let's have any motions in limine filed by

7   December 21st.  Any opposition to any motion in limine should

8   be filed by December 28.  Also on December 21st, let's have

9   proposed jury instructions and any specific voir dire requests.

10          In terms of any pretrial motions, let's set a date for

11  that.  Let's have the defense file any pretrial motions by

12  Monday, May the 11th.  Any opposition to those motions should

13  be filed by Monday, June 1st.  And any reply Monday, June the

14  8th.

15          Let's check in and have a status conference, we can

16  check in and see how things are going, let's have a conference

17  set up for Tuesday, July 7.

18          What time do we have available that day, Tara?

19          THE DEPUTY CLERK:  11 a.m.

20          THE COURT:  At 11 a.m. on Tuesday, July 7.

21          Anything else from the government today?

22          MS. FENDER:  No.  Thank you, your Honor.

23          THE COURT:  Anything else from the defense today?

24          MR. McGOVERN:  No, your Honor.  Only that I want to

25  just reiterate we will be moving for a bill of particulars

K358FOWC

1    given the lack of information in the indictment.  If we are

2    going to pursue that, we will move on that before May 11, if

3    not well before.

4                THE COURT:  Anything else?

5                MR. McGOVERN:  No, your Honor.

6                THE COURT:  We are adjourned.  Thank you.

7                (Adjourned)