**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -against- | 19 Cr. 254 (ALC) |
| Reginald Fowler, | Hon. Andrew L. Carter |
| Defendant. | United States District Judge |

## MOTION TO WITHDRAW AS COUNSEL

Pursuant to Local Criminal Rule 1.2 and Local Civil Rule 1.4, James G. McGovern and Michael C. Hefter of Hogan Lovells US LLP (collectively, "Counsel") respectfully move this Court for an order granting leave to withdraw as counsel of record for Defendant Reginald Fowler in the above-captioned case.

Further, we respectfully request that the Court extend any impending deadlines to a later date sufficient to permit new counsel for Defendant Reginald Fowler to make the appropriate filings or appearances.

In support of this motion, Counsel state as follows:

1.  Counsel are currently attorneys of record for Mr. Fowler.

2.  Local Criminal Rule 1.2 states that an "attorney may not withdraw except upon prior order of the Court pursuant to Local Civil Rule 1.4."

3.  Local Civil Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement . . . .

4. Prior to making this motion, Counsel advised Mr. Fowler that there were grounds for Counsel to seek to withdraw. The issue of Counsel's withdrawal has been the subject of discussion with Mr. Fowler since February 26, 2020, and Counsel has informed Mr. Fowler orally and in writing on multiple occasions since then that there were grounds for Counsel to seek to withdraw. The date for Counsel's withdrawal has been postponed while these discussions were ongoing.

5. Counsel has informed Mr. Fowler that they now plan to seek withdrawal.

6. Counsel believe that withdrawal is appropriate under Rule 1.16(c)(1) of the New York Rules of Professional Conduct.[1]

7. New York Rule of Professional Conduct 1.16(c)(1) states that "a lawyer may withdraw from representing a client when withdrawal can be accomplished without material adverse effect on the interests of the client."

8. Counsel's withdrawal can be accomplished in this case without material adverse effect on the interests of Mr. Fowler. To date, this case has had limited pertinent discovery. Further, the anticipated trial date is currently over five months away. As such, new counsel for Mr. Fowler should have ample time to prepare its defense.

9. Professional considerations require termination of the representation.

10. Counsel took reasonable steps to protect Mr. Fowler's interests by repeatedly informing him that there were grounds for Counsel to seek to withdraw and that Counsel intended to seek to withdraw. Mr. Fowler has known since at least February 26, 2020, that there

---

[1] Due to, among other things, the attorney-client privilege and lawyer-client confidentiality obligations, Counsel are unable to discuss in this filing the other grounds for withdrawal that Counsel discussed with Mr. Fowler, but Counsel reserve the right to do so in a separate filing that protects privilege and confidentiality to the extent the Court requires additional information in order to grant Counsel's motion to withdraw. *See generally In re Gonzalez,* 773 A.2d 1026 (D.C. 2001) (sanctioning lawyer for revealing too much in a public filing seeking to withdraw from a representation); American Bar Association Standing Committee on Ethics and Professional Responsibility Formal Opinion 476 (Dec. 19, 2016) (discussing confidentiality obligations when seeking to withdraw).

were grounds for Counsel to seek to withdraw. Mr. Fowler has had ample time to find new counsel should he wish to do so.

11. Counsel's withdrawal will not unduly prejudice Mr. Fowler or cause substantial delay in these proceedings.

12. Counsel is not asserting a retaining or charging lien.

For these reasons, Counsel respectfully ask the Court to enter an order withdrawing them as counsel of record for Mr. Fowler.

Dated: New York, New York  
       November 9, 2020

Respectfully submitted,

By: /s/ James G. McGovern

James G. McGovern  
HOGAN LOVELLS US LLP  
390 Madison Avenue  
New York, New York 10017  
Tel: (212) 918-3000  
Fax: (212) 918-3100  
james.mcgovern@hoganlovells.com

By: /s/ Michael C. Hefter

Michael C. Hefter  
HOGAN LOVELLS US LLP  
390 Madison Avenue  
New York, New York 10017  
Tel: (212) 918-3000  
Fax: (212) 918-3100  
michael.hefter@hoganlovells.com

TO:

Reginald Fowler  
7100 W. Erie Street  
Chandler, AZ 85226  
FO2@spiral-global.com  
*By FedEx and Email*

cc:        All Counsel of record (via ECF)