

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 12, 2020

**BY ECF**

The Honorable Andrew L. Carter, Jr.
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      **Re:** *United States v. Reginald Fowler*, S3 19 Cr. 254 (ALC)

Dear Judge Carter:

The Government writes in response to Motions to Withdraw as Counsel (the "Motions to Withdraw," Dkt. Nos. 69 and 72) filed by the two firms currently representing defendant Reginald Fowler.

First, the Government believes that the Motions to Withdraw lack information that the Court will require in resolving the motions. The Motions to Withdraw seek leave to withdraw as defense counsel based on Rule 1.16(c)(1) of the New York Rules of Professional Conduct, which states that "a lawyer may withdraw from representing a client when withdrawal can be accomplished without material adverse effect on the interests of the client." The Motions to Withdraw, however, do not present facts that would meet this standard. For example, the Motions to Withdraw claim that withdrawal would not negatively impact the defendant because "limited pertinent discovery" has been produced in this matter to date. In fact, the Government has produced in excess of 370,000 pages of discovery to the defendant, much of which it has discussed in detail with defense counsel. Despite defense counsel's long history with this case, the Motions claim that unspecified "Professional Considerations," some of which counsel proffers in a footnote are confidential and subject to the attorney-client privilege, necessitate terminating representation. Dkt. No. 69 n. 1, Dkt. No. 72 n. 1. Assuming that "Professional Considerations" may refer, in part, to a fee dispute, the Government writes to address withdrawal on that basis with the aim of avoiding unwarranted delay.

In resolving a motion to withdraw based on a fee dispute, which is a permissive ground for withdrawal, the Court considers a number of factors, including but not limited to: (1) non-privileged facts about the fee arrangement, including whether a "more careful or prudent approach to the retainer agreement might have avoided the current problem," based for example on how much defense counsel should have anticipated it would cost to represent the defendant through

trial, the amount of a retainer required by counsel at the outset of the representation, and what assurances counsel received to ensure future fee payments; and (2) whether the defendant's failure to pay attorney's fees was a deliberate violation of his fee obligations or was the result of a general inability to pay, such that requiring defense counsel to continue the representation as court-appointed CJA counsel may be appropriate. *See, e.g.*, *United States v. Stein*, 488 F. Supp. 2d 370, 373-75 (S.D.N.Y. 2007) (LAK) (denying motion to withdraw in light of these considerations). The Court also considers whether the proposed withdrawal would adversely affect the defendant. Here, the Motions to Withdraw lack any information needed to make fact-specific determinations about the fee arrangement between counsel and the defendant and the nature of the fee dispute, and only summarily addresses the impact that withdrawal would have on the case.

In light of the foregoing, the Government believes that defense counsel should be ordered to make a supplemental submission, which the Government consents to filing in the first instance under seal, *ex parte*, providing additional details to justify the Motions to Withdraw. To the extent that the Court determines those facts are not privileged and confidential, the Government would request that the filing be made public and that the Government be afforded an opportunity to respond.

Second, the Government writes to express its view that the Motions to Withdraw should be denied if the Court determines that substitution of counsel would necessitate another adjournment of the trial date in this matter. As the Court is well aware, in January 2020 this matter was set for a jury trial beginning April 28, 2020. Following the defendant's arraignment on a superseding indictment in March 2020, the trial was adjourned to January 11, 2021. In October 2020, defense counsel moved to adjourn the trial date over the Government's objection, and an adjournment was granted to April 12, 2021. Now, approximately five months before the current trial date, defense counsel seeks to withdraw from this matter based on facts they claim were discussed with the defendant as early as February 26, 2020 – nearly nine months ago and before *both* prior adjournments in this case. The current motions should be denied if allowing counsel to withdraw at this late stage would further delay trial.

Respectfully submitted,
AUDREY STRAUSS
Acting United States Attorney

By:    _/s/_____
Sheb Swett
Samuel Rothschild
Jessica Greenwood
Assistant United States Attorneys
Southern District of New York
(212) 637-6522 / 2504 / 1090

cc:    Defense counsel of record (by ECF)