UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                            S3 19-CR-254 (ALC)

                    - against -

                                                                           OPINION & ORDER

REGINALD FOWLER,

                 Defendant.
------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

      Mr. Fowler's lawyers don't want to represent him anymore.  Money isn't everything; but in this case, when it comes to counsels' desire to drop their client, it's the only thing.  At a conference on November 13, 2020, in order to guard against unnecessary revelation of privileged communications between Fowler and his lawyers, I granted counsel permission to file an <u>ex parte</u>, sealed letter detailing Fowler's failure to pay, acknowledging that portions of the letter would need to be divulged to the government and made public.  On November 18, one of the two firms representing Mr. Fowler, Hogan Lovells, submitted the letter on behalf of itself and Rosenblum Schwartz.  This opinion and order addresses portions of the letter counsel may continue to conceal from the government and the public.

## FACTS

      The letter recounts several conversations between counsel and their client in which Mr. Fowler promises to pay, but does not.  Mr. Fowler assured his attorneys he could pay, referring to planned business transactions, real property, bank accounts.  Defense counsel relied not only

1

on their client's statements, but also on their own investigative efforts, including an exploration of Fowler's payments to other lawyers.

Counsel provide dates, amounts, and the names of entities, accounts, and individuals involved in their client's planned business transactions, as well as the names of states where the real estate is located and the names of institutions associated with Fowler's bank accounts. Although they knew many of Mr. Fowler's assets were frozen, counsel thought that their client could unfreeze certain assets by demonstrating that the assets had no connection to the allegations in this case. Fowler could use these defrosted assets to pay his legal fees. Counsel discuss their investigation into these matters.

The amount of money paid and due to Hogan Lovells and Rosenblum Schwartz is contained in the letter. During the time counsel have been seeking payment, Fowler has paid a separate large, international law firm and an unidentified lawyer for legal work. The anonymous lawyer gave defense counsel advice regarding Fowler's ability to pay legal fees from funds that might not be related to criminal activity.

This case is headed for trial. Since defense counsel thought that the case might be resolved by a guilty plea, they decided to continue representing their client even though they had been owed a great deal of money for several months. But largesse shrinks when confronted by the prospect of additional, unpaid hours dedicated to trial preparation.

LEGAL STANDARD

There is a presumption of public access under both the common law and the First Amendment to all judicial documents. A judicial document is one that is "relevant to the performance of the judicial function and useful in the judicial process." Lugosh v. Pyramid Co of Onondaga, 435 F. 3d 110, 119 (2d Cir. 2006) (internal quotation marks omitted).

If a court finds "that a document is a judicial document and therefore that at least a common law presumption of access applies, [the court] must determine the weight of the presumption of access. The weight to be given to the presumption of access is governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Finally, after determining the weight of the presumption of access, the court must balance competing considerations against [disclosure]. Only when competing interests outweigh the presumption may access be denied." United States v. Erie County, New York, 763 F. 3d 235, 239 (2d Cir. 2014) (internal citations and quotations omitted).

To figure out whether First Amendment protection applies, "[courts] consider a) whether the documents have historically been open to the press and general public (experience) and b) whether public access plays a significant positive role in the functioning of the particular process in question (logic)." Id. "Once a First Amendment right of access to judicial documents is found, the documents "may be sealed [only] if specific, on the record findings are made

demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id.

## ANALYSIS

To decide the motion to withdraw, I must consider defense counsels' belief about Fowler's willingness and ability to pay as well as the timing of the request to withdraw.  Mr. Fowler's broken promises to pay and counsels' multiple requests for payment are clearly relevant.  Since I will need to consider this information, the statements in those portions of the letter would be part of a judicial document.  Although these statements involve conversations between Mr. Fowler and his attorneys, there is no discussion of legal advice, so the attorney client privilege is not implicated. The government has a right to respond to these averments, and the public has a right to see them.

Counsels' belief about Fowler's planned business transactions is also relevant.  While the dates and amounts of planned transactions are relevant, names of the businesses or individuals involved in the transactions are not germane.  Similarly, names of bank accounts and the location of real property are inapposite.  To the extent that a small public right of access attaches, specific reasons outweigh the disclosure of that identifying information under the common law and the First Amendment.

Counsels' efforts to determine which proposed transactions would be legit, or which accounts could be unfrozen or which properties were not related to the charges in this case

should neither be made public nor disclosed to the government. This information would give the government a sense that the other, non-named interests are, in fact, traceable to the charges. This is particularly troubling given the criminal forfeiture allegation in this case and the disputes concerning that allegation. Disclosure would not only disturb attorney-client privilege and work product, but also plop the attorneys in a more serious, non-monetary conflict with their client, triggering Fifth Amendment concerns. To preserve these higher values, I will narrowly tailor the public closure of this information by allowing the letter to be filed with appropriate redactions. Information identifying the names or locations of Fowler's assets or anyone associated with the planned business transactions should be redacted from view of the government and the public.

    Hogan and Rosenblum discuss how much money Fowler has paid them and how much he owes. Since both firms seek to withdraw, the amount and timing of payments is highly relevant and should be made public. Regarding payments to other lawyers, the name of the large, international firm should be made public. The size and stature of the firm is relevant to the fact that Mr. Fowler paid something to that firm--but didn't fully pay Hogan or Rosenblum--and whether Hogan's and Rosenblum's acceptance of relatively low retainers was reasonable. Information that Mr. Fowler was paying an anonymous lawyer should also be disclosed publicly. However, the advice that this innominate attorney gave defense counsel about the availability of other funds--not related to criminal activity--should not be disclosed to the government or the public for the reasons articulated in preceding paragraph. That information should remain veiled through redaction.

The fact that defense counsel believed that the case might be resolved with a guilty plea is relevant to whether the defense was reasonable in accepting such a small retainer in this case as well as the timing of the motion to withdraw. A guilty plea started and stopped due to a disagreement over forfeiture. The failed guilty plea took place in open court on the record, and the disagreement between the defense and the government was placed on the record. The government and the public should see this information.

But the specifics regarding the nature and extent of private, plea negotiations between the defense and the government should not be made available to the public. These discussions are usually not a court's concern,[1] and while the fact that, in general, plea negotiations were ongoing is relevant to the motion to withdraw, the details of those negotiations is not particularly relevant. Counsel do not claim that Fowler is refusing to pay due to a disagreement over legal advice or a dispute over counsels' efforts related to plea negotiations.

Plea discussions are highly confidential, and disclosing them would violate the defendant's privacy interests. These interests outweigh the public's common law right of access to the information. In this context, details of plea negotiations don't trigger First Amendment concerns. Certainly this is not the kind of information that would typically be disclosed to the press or public. Moreover, logic counsels against disclosing private plea negotiations in the context of a withdrawal based on a simple failure to pay. In any event, even if a public right of access under the First Amendment attaches,the defendant's right to engage in private plea

---

[1] Federal Rule of Criminal Procedure 11(c)(1) counsels that courts must not participate in discussions related to reaching a plea agreement.

discussions with the government overcomes this right.  This information should be redacted from public view.

But this information does not need to be hidden from the government.  The government is certainly aware of this information.  While the fact and timing of the negotiations is relevant, in responding to defense counsels' letter, the government need not include the content or scope of the negotiations.  If, for whatever reason, the government decides to discuss the content or scope of plea discussions, it should redact those portions from the public filing and file the non-redacted version under seal.

## CONCLUSION

All statements not excluded by this order must not be redacted.  Defense counsel should publicly file one version of the letter, redacting only what should not be disclosed to the government or the public.  The defense should then file, under seal, another version redacting only what must not be disclosed to the government.  Finally, the defense should file an ex parte, sealed version of the letter with no redactions.  The defense should complete these filings by December 1, 2020; the government should respond to the letter by December 8, 2020; any reply should be filed by December 11, 2020.

SO ORDERED.

Dated: November 23, 2020
New York, New York

    /s/ Andrew L. Carter, Jr.
**ANDREW L. CARTER, JR.**
United States District Judge