KCI3FLOC                    Teleconference

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          19 CR 254 (AJC)

REGINALD FOWLER,

              Defendant.

------------------------------x

                                        New York, N.Y.
                                        December 18, 2020
                                        2:00 p.m.


Before:

                   HON. ANDREW J. CARTER,

                                        District Judge


                          APPEARANCES

AUDREY STRAUSS
     Acting United States Attorney for the
     Southern District of New York
JESSICA GREENWOOD
SEBASTIAN SWETT
     Assistant United States Attorneys

HOGAN LOVELLS U.S. LLP
     Attorneys for Defendant
JAMES McGOVERN
MICHAEL HEFTER
SAMUEL RACKER
     -and-
ROSENBLUM, SCHWARTZ & FRY, P.C.
     Attorneys for Defendant
SCOTT ROSENBLUM
```

1    THE DEPUTY CLERK:  Criminal cause for a telephone
2  status conference in case number 19 CR 254, United States v.
3  Reginald Fowler.
4    Counsel, please state your appearance.  For the
5  government?
6    MS. GREENWOOD:  Good afternoon this is Assistant
7  United States Attorneys Jessica Greenwood and Sheb Swett on
8  behalf of the government.
9    THE DEPUTY CLERK:  For the defendant?
10    MR. McGOVERN:  This is Jim McGovern, and Michael
11 Hefter and Samuel Racker from Hogan Lovells, and Scott
12 Rosenblum is also for the defense as well, all on the line, and
13 Mr. Fowler is also present on the line, your Honor.  Good
14 afternoon.
15    THE DEPUTY CLERK:  Mr. Fowler, please state your name
16 for the record, sir.
17    THE DEFENDANT:  Reginald Fowler.  Thank you.
18    THE COURT:  Good afternoon, everyone.  I hope everyone
19 is safe and healthy.
20    We're proceeding telephonically today due to the
21 COVID-19 pandemic.  Mr. Fowler, even prior to the pandemic, has
22 been allowed to appear by telephone.  But just so the record is
23 complete, defense counsel, do you waive your client's personal
24 appearance in an actual courtroom for the purposes of this
25 conference?

1          MR. McGOVERN:  Yes, your Honor.

2          THE COURT:  So defense counsel made an application to

3  be relieved as counsel because their client hadn't paid them.

4  At the last conference, I gave defense counsel permission to

5  file under seal portions of the letter that dealt with plea

6  negotiations with the government and other material that I

7  found should not be released to the public and the press.  I

8  found that Mr. Fowler's interest outweighed the public's First

9  Amendment right of access as well as the common law right of

10 access.  The defense then filed publicly, as required, the

11 letter with appropriate redactions on December 1st, the

12 government responded on December 9, defense counsel had some

13 difficulty making the filings under seal, so those were not

14 filed until December 15.  But there was no new information in

15 those filings.

16         I want to make sure we're all on the same page as to

17 where we stand in terms of the submissions.  Is that counsel's

18 understanding, counsel from the defense?

19         MR. McGOVERN:  Yes, your Honor. It is.  And our

20 difficulties in filing it under seal was just the acquisition

21 of wet ink signatures from all counsel so we could file it in

22 person in the courthouse as is required under the rules.

23         THE COURT:  Anything else on that procedural

24 background from the government?

25         MS. GREENWOOD:  No, your Honor.

1          THE COURT:  And I've seen the parties' submissions,
2  and the government made its filing publicly, and my
3  understanding is the government does not object to defense
4  counsel's motion to withdraw.  However, the government opposes
5  an adjournment of the trial date.
6          Let me just hear from counsel for the government a
7  little bit more about that.  If Mr. Fowler is going to be
8  getting new counsel, why is it that the government believes
9  that new counsel will be able to try this case in April due to
10 the volume of documents in this case and the like?
11         MS. GREENWOOD:  Yes, your Honor.  I think it's sort of
12 two fold.  You are correct that there is voluminous discovery
13 in this case.  However, we believe that the almost four months
14 until trial is a sufficient period of time for substitute
15 counsel to review that discovery and to become prepared for
16 trial.  And that in particular, given the circumstances
17 surrounding the need for substitution of counsel at this point,
18 which are of the defendant's own creation and have been known
19 to him for a significant time, since at least February of this
20 year, that the defendant should not be allowed, as a result of
21 his own non-payment of fees and failure to retain new counsel
22 earlier than now, to create the situation and obtain another
23 trial adjournment.
24         THE COURT:  Okay.  Let me just press the government a
25 little bit more on that.  You are saying approximately four

months from now is when the trial would start, which is correct.  But that would be under the assumption that his new attorney were retained and on the case as of today.  It seems to me it is going to take some time, potentially, for him to retain counsel, and we'll get to that in a second.  It seems to me it may take time for him to retain counsel, and that would certainly cut into that four-month period of time.

What's counsel for the government's view on that?  It may especially take some time, given the background of this case, since his prior counsel have withdrawn or seek to withdraw because he hasn't paid them.  That usually doesn't make a defendant a very attractive client to a subsequent law firm.

MS. GREENWOOD:  That is understood, your Honor.  Certainly, we have an interest in a speedy trial.  We have an interest in advancing this case that has been sitting without any action, as of no fault of the government, for many months.  Again, the defendant has been on notice of this conflict with his counsel since February 2020, and should have been taking steps to retain and identify new counsel, given his lawyers' meetings and notifications to him that if he didn't fully pay them, they weren't going to continue representing him.  So it's not a new set of facts to this defendant.

We certainly are intending to provide early disclosure of exhibits and 3500 material to assist as much as possible in

1  ensuring that new counsel will have those materials well in
2  advance of a trial date, so that there will not be a delay with
3  that regard.  So it is the government's view that he should be
4  required to retain counsel speedily and to keep the trial date.
5          THE COURT:  Okay.  Mr. Fowler, let me just make sure
6  you understand what's happening here.  I'm inclined to allow
7  your counsel to withdraw for lack of payment.  Do you
8  understand that?
9          THE DEFENDANT:  Yes, sir, I do.
10         THE COURT:  Mr. Fowler, you have the right to be
11 represented by an attorney at all stages of this criminal
12 litigation.  If you cannot afford to hire an attorney, the
13 Court would provide you with an attorney free of charge.  Do
14 you understand that?
15         THE DEFENDANT:  Yes, sir, I do.
16         THE COURT:  Okay.  So, I cannot make a determination
17 sitting here now as to whether or not you could afford to hire
18 an attorney.  If you cannot afford to hire an attorney, you
19 will need to fill out a financial affidavit to that effect, and
20 then I'd have to make a determination as to whether or not you
21 could afford to hire an attorney.  If you could not afford to
22 hire an attorney, then I would appoint an attorney for you from
23 the Criminal Justice Act panel.  But if you can afford to hire
24 an attorney, then it may not be necessary or it would not be
25 necessary for you to fill out a financial affidavit.

1           Do you understand that?

2           THE DEFENDANT:  Yes, sir, I do.

3           THE COURT:  Understanding that, Mr. Fowler, do you

4    intend to hire a new attorney or do you wish to fill out a

5    financial affidavit to seek to qualify for court-appointed

6    counsel?

7           THE DEFENDANT:  My best answer at this time is I would

8    seek a new attorney.

9           THE COURT:  Okay.  So, I will give you an opportunity

10   to -- just to be clear, what you are saying is at this time you

11   believe you can afford to hire your own attorney; is that

12   correct?

13          THE DEFENDANT:  No, I'm not saying that.  What I'm

14   saying is that I will seek, find an attorney that would

15   represent me in my current condition.

16          THE COURT:  What exactly are you saying?  I don't want

17   to put words in your mouth.  You are saying -- is what you are

18   saying that you may not be able to afford an attorney who

19   charges the rates that your current attorneys are charging, but

20   that you can afford to hire an attorney who can represent you?

21   Is that what you are saying?

22          THE DEFENDANT:  No.  What I'm saying is the government

23   has seized all my assets.  The government has asked me to put

24   the property that I have, that are free and clear, up for bail.

25   The government has handcuffed me.  They have shut me down,

KCI3FLOC                        Teleconference

they've locked down my family, and I can't even get a bank account.  My business has been shut down since COVID, so we don't have any income.  We do have assets.  We can't get to the assets because the government has tied them all up.

So what I want to do, respectfully, is try to find a firm that will work with me, understanding that we do have assets that are tied up by the government, i.e. the properties that they have me set for bail or whatever you call it.  Those properties are free and clear.  The fact that they have me putting up nearly $2 million worth of free and clear properties for bail to me is ludicrous.  I have to use my best efforts to find counsel that is willing to work with me under those terms.  If I cannot find counsel that is willing to work with me, sir, I will then revert back and try to have the Court assist me in hiring an attorney.

THE COURT:  Okay.

THE DEFENDANT:  I don't mean to sound disrespectful, sir.

THE COURT:  Okay.  No, I understand.  Okay.  So, what you are saying is you'd like an opportunity to try find your own attorney without any court assistance, correct?

THE DEFENDANT:  That is correct, sir.

THE COURT:  Okay.  And given the timing of where we are now, the holiday season is approaching, I'm inclined to give you 45 days to attempt to do that.  Does that give you

1   enough time to do that, Mr. Fowler?

2   THE DEFENDANT: Yes, sir, thank you.

3   THE COURT: Okay. So, let me hear from the
4   government. Is there anything else from the government on
5   this?

6   MS. GREENWOOD: Not with respect to this issue, your
7   Honor. If you are saying he'll have 45 days, then we need to
8   check in again, and we ask that time be excluded in the
9   meantime.

10  THE COURT: Anything from defense counsel, from
11  current defense counsel on this?

12  MR. McGOVERN: No, your Honor. Thank you.

13  THE COURT: All right. Then, consistent with my
14  inclination, I'll allow current defense counsel to withdraw. I
15  will give Mr. Fowler 45 days to find a new attorney.

16  Can we get a date for that, Tara.

17  THE DEPUTY CLERK: That takes us to February 2, 2021,
18  Judge.

19  THE COURT: By February 2, 2021, Mr. Fowler, you
20  should have your new attorney file a notice of appearance. And
21  then we'll schedule a conference. Someone's got to mute their
22  phone. Then we'll schedule a conference for some time the week
23  after that. Can we get a date for that, Tara.

24  THE DEPUTY CLERK: Yes, Judge. Just pulling up the
25  calendar. February 9 at 2 p.m.

1   THE COURT:  Does that date and time work for the
2   government?
3   MS. GREENWOOD:  Yes, your Honor.
4   THE COURT:  All right.  So we'll have another status
5   conference on February 9.  I will exclude time under the Speedy
6   Trial Act from today's date to February 9.  I know time was
7   excluded previously for the trial.  But I will exclude time
8   between now and February 9 so that Mr. Fowler may seek to
9   retain counsel.  I find that the interests of Mr. Fowler and
10  the interests of justice outweigh the public's interest in a
11  speedy trial, and I will enter an order to that effect.
12  It seems to me, counsel for the government, I know
13  that you really want to try this case.  Given where we are now,
14  that new counsel will be coming on the case hopefully
15  February 2, it is extremely unlikely that counsel would be
16  prepared to go forth with a trial on April 28.  I'm inclined to
17  adjourn that trial date.  Let me hear from the government on
18  that.  I don't want to just have a trial date out there knowing
19  full well that this is not likely we'll have a trial.  But let
20  me hear from the government on that.
21  MS. GREENWOOD:  I guess it is difficult for the
22  government to sort of know, based on how the court calendar and
23  how the priorities are sort of working, it is to the case's
24  benefit to have a date, so we don't get further down the
25  priority list if cases are being rescheduled.

1     But if what your Honor is saying is that come this
2 February conference, given the timing of the conference and
3 then the timing of retention of new counsel there is going to
4 be an adjournment in any event, perhaps a brief adjournment now
5 in order to secure a date so we don't fall further down the
6 trial list.  We defer to the Court on that.
7     THE COURT:  What I'm saying is we can certainly,
8 regarding the trial list, due to the COVID-19 pandemic there
9 are limited courtrooms that are currently available for
10 criminal trials.  And this would be a case that would not, to
11 my understanding, take much priority because Mr. Fowler is out.
12 I understand this case is a little old, but it is not as old as
13 some cases, and there are certainly cases where there are
14 defendants who are incarcerated which would take priority over
15 this.
16     I don't want to jam up the trial calendar by making a
17 request for the date of April 28, knowing that this is not
18 going to be a trial date.  It doesn't make any sense to take up
19 space on that priority list.  So, I'm going to adjourn the
20 trial date without a new date, and hopefully February 9 we'll
21 be able to set a trial date at that point, and know where we
22 are.
23     So I will adjourn the trial date for April 28 without
24 a new date.  But we do have a conference scheduled for
25 February 9 at 2:30.  Is it 2:30 or 2 o'clock, Tara?

KCI3FLOC                       Teleconference

1          THE DEPUTY CLERK:  2 o'clock, Judge.
2          THE COURT:  At 2 o'clock.
3          Is there anything else from the government?
4          MS. GREENWOOD:  It goes without saying, your Honor,
5  but obviously the January conference is -- I want to confirm
6  will be canceled in favor of this February conference?
7          THE COURT:  Yes.  We will cancel that January
8  conference.
9          MS. GREENWOOD:  Nothing else.
10         THE COURT:  Anything else for outgoing defense
11 counsel?
12         MR. McGOVERN:  No, your Honor.  Just thank you for
13 your consideration on this decision.
14         THE COURT:  Anything else, Mr. Fowler?
15         THE DEFENDANT:  No, sir.  Thank you for your
16 consideration, sir, I appreciate it.  And I also thank you,
17 defense counsel, I appreciate your efforts to date.  Thank you.
18         MR. McGOVERN:  Thank you.
19         THE DEFENDANT:  You're welcome.
20         THE COURT:  We are adjourned.  Thank you.
21         (Adjourned)
22
23
24
25