# SAPONE & PETRILLO, LLP

William S. Petrillo, Esq., Partner                                    Edward V. Sapone, Esq., Partner

<u>MANHATTAN</u>                                                                                  <u>LONG ISLAND</u>
40 Fulton Street, 17th Floor                                          1103 Stewart Avenue, Suite 200
New York, New York 10038                                              Garden City, New York 11530
Telephone: (212) 349-9000                                             Telephone: (516) 678-2800
Facsimile: (212) 349-9003                                             Facsimile: (516) 977-1977
E-mail: ed@saponepetrillo.com                                         E-mail: bill@saponepetrillo.com

October 29, 2021

Hon. Andrew L. Carter
United States District Judge
United States District Court
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

           Re:     *United States of America v. Reginald Fowler*
                    Ind. No.: 19-CR-254(ALC)

Dear Judge Carter:

      I am counsel to Defendant Reginald Fowler. Following our recent submission of Defendant's pre-trial motions, I write to clarify a few points mentioned in the motions.

      *First*, Mr. Fowler's motions ask the Court, among other things, to direct the Government to provide him with early disclosure of *3500* material and to disclose *Brady* material and a Bill of Particulars. In the months before I filed Mr. Fowler's motions, the Government and my trial team had engaged in telephone conferences during which the Government was kind enough to spend time with us discussing various aspects of the voluminous discovery. This was extremely helpful to us, as it helped us to focus on important aspects of the Government's proof and it saved a lot of resources and time. During these discussions, the Government made it clear that it believes early disclosure to be appropriate in this case. And the Government has confirmed to me that it intends to supply me with witness statements and other *3500* material well before trial. In my most recent discussion with the Government, after I filed Fowler's pre-trial motions, I came to learn that, even though trial is not scheduled until many months from now, the Government is in the process of organizing some of the *3500* material to turn over shortly to us.

      *Second*, in addition to our meeting and conferring by telephone, the Government sent us emails and letters that outline and highlight some of the discovery. This too has been helpful. For example, on June 30, 2021, the Government sent me a letter with relevant documents attached that

Hon. Andrew L. Carter
Page 2
October 29, 2021

highlights certain evidence that the Government will seek to introduce at trial against Mr. Fowler.

*Third*, although the part of our motions seeking an order directing that the Government provide Fowler with a Bill of Particulars characterizes the superseding indictment as including, for counts one through five, "scant information" (*see* Fowler memo of law, par. 24-30), the Court should also consider that the original indictment contains additional information relative to counts one through four.  *See* original indictment attached as Exhibit A.  And in August 2020, the Government supplied Mr. Fowler's prior counsel with a Bill of Particulars that identifies forfeitable property.

*Fourth*, in the portion of Mr. Fowler's motion that asks the Court to order the Government to disclose *Brady* material, the motion states that, "[t]o date, the Government has provided no *Brady* materials to Mr. Fowler."  *See* Fowler Memo of Law, at p. 36.  On June 29 and August 10, 2021, the Government did provide letters containing numerous disclosures that, while not exculpatory in the Government's view, may be relevant to, as the Government characterizes in the letters, "potential defense arguments as they have been explained to us by Fowler's prior counsel."

In sum, further to my assertion in Fowler's memorandum of law expressing my appreciation for the Government's professionalism, I wish to highlight, here, that the Government has gone above-and-beyond to communicate with me by telephone and in writing. And its efforts are not only appreciated; they have been extremely helpful. Mr. Fowler's motions for early discovery, a Bill of Particulars, and a schedule setting dates for disclosures are not meant to suggest otherwise. Fowler's requests speak to the volume of discovery, complexity of some of the allegations, and desire to be fully prepared to try this case without delay.

Your Honor's consideration of this letter is greatly appreciated.

Respectfully submitted,

/s/ Edward V. Sapone
Edward V. Sapone

cc:   AUSA Sebastian Swett, Esq.
     AUSA Jessica Greenwood, Esq.
     AUSA Samuel Rothschild, Esq.