Lcl2FowC kjc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,              New York, N.Y.

            v.                         19 Cr. 254 (ALC)

REGINALD FOWLER,

               Defendant.

------------------------------x        Remote Conference

                                       December 21, 2021
                                       1:30 p.m.


Before:

                HON. ANDREW L. CARTER, JR.,

                                       District Judge



                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  SEBASTIAN SWETT
     JESSICA GREENWOOD
     SAMUEL ROTHSCHILD
     Assistant United States Attorneys


SAPONE & PETRILLO, LLP
     Attorney for Defendant
BY:  EDWARD V. SAPONE
```

1           (Case called)

2           THE DEPUTY CLERK:  Counsel, please state your

3   appearances.

4           For the government?

5           MR. SWETT:  Good afternoon, your Honor.  This is AUSA

6   Sheb Swett on behalf of the government, and I am joined on the

7   line by my colleagues, Jessica Greenwood and Samuel Rothschild.

8           THE DEPUTY CLERK:  And for the defendant?

9           MR. SAPONE:  Hi.  This is attorney Edward Sapone for

10  Reggie Fowler.  Good afternoon.

11          THE DEPUTY CLERK:  Thank you.  And Mr. Fowler, please

12  state your name for the record.

13          THE DEFENDANT:  Reginald Fowler.

14          THE DEPUTY CLERK:  Thank you.

15          THE COURT:  All right.  Good afternoon.  I hope

16  everyone is safe and healthy.

17          We are conducting this status conference

18  telephonically.  Videoconferencing is not available for

19  purposes of this call, so we are proceeding by telephone.  I

20  find it is in the interests of justice and in the interest of

21  Mr. Fowler to proceed telephonically in light of the COVID-19

22  pandemic and also in light of the fact that Mr. Fowler resides

23  outside of New York City, and we will proceed telephonically.

24          Any objection to that by the defense?

25          MR. SAPONE:  No.  Good afternoon, your Honor.  No

1  objection at all.
2              THE COURT:  Any objection to that by the government?
3              MR. SWETT:  No, your Honor.  This is Sheb Swett, and
4  we do not object.
5              THE COURT:  Okay.  Any objection, Mr. Fowler?
6              THE DEFENDANT:  No, your Honor.
7              THE COURT:  Okay.  So we need to talk about
8  scheduling.  We had originally requested a trial date of
9  February 14.  The trial committee has gotten back to us and
10 they have given us a trial date of March 1.  We are second in
11 line on March 1.  There is another criminal trial ahead of us.
12 That criminal trial has one defendant.  That is expected to
13 last five days.  Ours has one defendant and is expected to go
14 seven days.
15             But first I want to check in with counsel and make
16 sure, because I know we had requested February 14, that counsel
17 are available to try this case on March 1.  Does that date work
18 for the government?
19             MR. SWETT:  Yes, your Honor.  This is Sheb Swett, and
20 that date would work for the government.
21             THE COURT:  And for defense counsel?
22             MR. SAPONE:  So, your Honor, this is Ed Sapone.  The
23 way I'm going to answer it is if we had to go forward on that
24 date, then I could make it work; but, in all honesty, I'm
25 dealing with medical issues at home, and if there were a date,

1   you know, after that, let's say a month or 45 days later, that

2   would not affect, let's say, government witnesses'

3   availability -- because I wouldn't want to do that to them --

4   then my preference would be to push it 30 or 45 days just so

5   that I could deal with what I am dealing with at home.

6              THE COURT:  Okay.  Well, here is what I will say.  As

7   you are aware, I can't give you a firm trial date.  We do have

8   one now.  I couldn't give you a firm trial date for a month

9   after that.  We could request a date in early April from the

10  trial committee and we would see what we get, but I couldn't

11  guarantee that it would be at the beginning of April.

12             Let me let the parties also know this, to the extent

13  that this weighs in to their consideration of scheduling.  I

14  have another matter that is scheduled for trial the day before,

15  on February 28, with a defendant who is in custody.  So again,

16  this case certainly could go forward March 1 if the parties are

17  in fact available.  I could find another judge who would be

18  available to try this.  Because I would not want Mr. Fowler's

19  trial to be delayed against his will.  If Mr. Fowler is asking

20  for an adjournment, then that's a different thing.

21             Let me get a sense from the parties regarding this,

22  starting with counsel for the government.

23             MR. SWETT:  Thank you, your Honor.  This is Sheb Swett

24  again.

25             We obviously want this trial to go forward as soon as

1  possible.  I think we have been asking for a trial date, and we
2  understand the difficulties of scheduling a trial in the midst
3  of COVID.  But that, for us, is all the more reason to preserve
4  this trial date if we can.
5       We have not had a chance to discuss the March 1 date
6  with defense counsel, because we had not had that date
7  confirmed by the committee.  So we would -- before the Court
8  makes any decision on adjourning, we would request the
9  opportunity to discuss the potential going forward on this date
10 with defense counsel, which we just haven't been able to do yet
11 with a March 1 date confirmed.
12      THE COURT:  Okay.  Let me hear from defense counsel.
13      MR. SAPONE:  Your Honor, my application would be, if
14 your Honor would allow the parties to meet and confer off
15 calendar later on today or tomorrow and then get back to the
16 Court, I think that a conversation should be had between the
17 government and the defense, and then we could let your Honor
18 know within a couple of days what our preference would be, if
19 that's okay with you, your Honor.
20      THE COURT:  Okay, yeah, no, that's fine with me.  So
21 let's have the parties file a joint status report.  Is Thursday
22 enough time for the parties to file a joint status report on
23 Thursday?  Does that work for Mr. Sapone?
24      MR. SAPONE:  I think it is, your Honor.
25      THE COURT:  For the government, is that enough time?

1    MR. SWETT:  Yes, your Honor.  I believe that's enough
2 time.
3    THE COURT:  All right.  So let's have the parties file
4 a joint status report by Thursday, the 23rd, and we will see
5 what is in that report.  We may need to schedule another
6 hearing after that by telephone and see where we are.  I
7 believe time has already been excluded up until February 14, so
8 we don't need to do anything with that right now.  But the
9 parties should remind me about that the next time we convene.
10    Anything else from the government today?
11    MR. SWETT:  No, your Honor, nothing further from the
12 government.  Thank you.
13    THE COURT:  Okay.  Anything else from the defense
14 today?
15    MR. SAPONE:  This is Ed Sapone.  Nothing further.
16 Thank you, your Honor.
17    THE COURT:  Okay.  We are adjourned.  Thank you.
18                                oOo