UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――

| | |
|---|---|
| UNITED STATES OF AMERICA | **[Proposed]** |
| | **Order of Restitution** |
| v. | |
| REGINALD FOWLER | S3 19 Cr. 254 (ALC) |

―――――――――――――――――――――

Upon the application of the United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, Sheb Swett, Samuel Raymond, Jessica Greenwood, and Samuel P. Rothschild, Assistant United States Attorneys, of counsel; the presentence investigation report; the defendant's conviction on Count Five of the Indictment; and all other proceedings in this case, it is hereby ORDERED that:

1. **Amount of Restitution**

Reginald Fowler, the defendant, shall pay restitution in the total amount of $53,189,261.80, pursuant to 18 U.S.C. § 3663 and 18 U.S.C. § 3663A, to the victims of the offense charged in Count Five. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

   A. **Joint and Several Liability**

Restitution is not joint and several with other defendants or with others not named herein.

   B. **Apportionment Among Victims**

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victim(s) identified in the Schedule of Victims, attached hereto as Schedule A, on a pro rata basis, whereby each payment shall be distributed

proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

2.  **Schedule of Payments**

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule that follows:

The total amount of restitution is due and payable immediately pursuant to 18 U.S.C. § 3572(d)(1) upon entry of this judgment.

3.  **Payment Instructions**

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his name and the docket number of this case on each check or money order.

4.  **Change in Circumstances**

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any

material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

5. **Term of Liability**

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b).  Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

SO ORDERED:

_____          _____
HONORABLE ANDREW L. CARTER                                          DATE
UNITED STATES DISTRICT JUDGE

## Schedule A
## Schedule of Victims

| Name | Address | Amount |
|---|---|---|
| Randolph N. Osherow in his capacity as the Chapter 7 Trustee of the substantively consolidated Chapter 7 bankruptcy estates Ebersol Sports Media Group, Inc. and four of its subsidiaries formerly operating as the Alliance of American Football | 342 West Woodlawn Avenue Suite 100 San Antonio, TX 78212 | $53,189,261.80 |