# SAPONE & PETRILLO, LLP

<u>MANHATTAN</u>

40 Fulton Street, 17th Floor
New York, New York 10038
Telephone: (212) 349-9000
Facsimile: (347) 408-0492
E-mail: ed@saponepetrillo.com

<u>LONG ISLAND</u>

1103 Stewart Avenue, Suite 200
Garden City, New York 11530
Telephone: (516) 678-2800
Facsimile: (516) 977-1977
E-mail: bill@saponepetrillo.com

April 20, 2023

**<u>BY ECF</u>**

The Honorable Andrew L. Carter, Jr.
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007-1312

>   Re: *United States v. Reginald Fowler*, S3 19 Cr. 254 (ALC)

Dear Judge Carter:

I am counsel to Defendant Reginald Fowler. I write to respectfully request a one-week adjournment of the sentencing hearing from today at 3:20 p.m. to anytime on April 27th.

Since last Friday, I have been out of the office for work traveling, first, to the District of Puerto Rico for a hearing there in *United States v. Zapata-Torres*, 21 Cr. 358 (RAM) on Monday, April 24th, and then to the Eastern District of Wisconsin on Tuesday, April 25th for my representation of an individual compelled to appear pursuant to a Grand Jury subpoena and for a lengthy proffer with the Government.

I returned to my office in New York City yesterday to begin to review the Government's 16-page, single-spaced, sentencing submission with more than 300 pages of supporting exhibits filed on the evening of April 18th.

The Government's submission makes allegations concerning the offense conduct and loss, and forfeiture issues that were not previously raised and that I need to investigate, including, by way of one example, that some of the funds that flowed into the bank accounts set up by Mr. Fowler may have come from a "Ponzi-like" scheme. In addition, one of the

exhibits, Exhibit G, includes a nine-page proffer of the lawyer of the U.S. Bankruptcy trustee for the bankruptcy case of the Alliance of American Football ("the League") written after the lawyer compiled more than one million records, engaged in discussions with creditors, and interviewed former League representatives, their attorneys, and the cofounder of the League.

I will need to adequately review this proffer and the very important issues raised in it to prepare to cross-examine this important witness. His anticipated testimony will raise issues at the heart of Mr. Fowler's sentencing hearing, including whether Mr. Fowler directly caused the League to incur damages or whether they were indirect, consequential damages, the extent of any damages, and an accurate view of potential offsets to those damages. Here, my review and preparation for this witness' cross-examination will be extremely time-consuming.

Further, I learned independently yesterday during my preparation with Mr. Fowler that shortly after Mr. Fowler's disengagement from the League, another very wealthy investor promptly stepped in as a replacement for Fowler's investment, infused the league with a new $70 million investment and pledged a total of $250 million. Exhibit G referenced above appears to make reference to this wealthy individual who replaced Mr. Fowler as an investor. This evidence, which we need the requested adjournment to investigate, may severely undermine the Government's claim that Mr. Fowler's fraud on the League led to its demise, and it may cast doubt on the Government's calculation of the loss amounts in count 5 of the superseding indictment, that is, the losses suffered by the League.

There is a lot of information to digest in the Government's lengthy sentencing memorandum, and in anticipation that I would have just a single day to do it, I arranged for Mr. Fowler, a resident of Arizona, to fly to New York yesterday to go over all of the issues in the Government's memorandum and otherwise prepare for sentencing. It is now after 3:30 a.m., and we worked together until just a few hours ago. But I must acknowledge that, given the number of weighty issues raised in the parties' memoranda, my need to investigate matters just brought to our attention, my need to allow Mr. Fowler the opportunity to both understand the complex issues and to assist me in my defense of him at his sentencing, and my other professional obligations later this morning and early this afternoon, including a sentencing hearing in which I will be engaged in the Eastern District of New York in *United States v. Ali*, 20 Cr. 060 (ARR), I simply am not able to be ready for Mr. Fowler's sentencing today.

I assure the Court that if this request is granted that I will be ready on the rescheduled date, and that I will provide Mr. Fowler with the effective assistance of counsel. Mr. Fowler joins in my request for additional time to prepare, and he is intent upon remaining with me in New York so that we can continue to review the Government's sentencing submission and exhibits, and to understand and prepare to explain to the Court on Mr. Fowler's behalf the important sentencing issues and how they intersect with the factors set forth in 18 U.S.C.

§3553(a). For these reasons, I respectfully request a one-week adjournment of sentencing until April 27, 2023.

Respectfully submitted,

*Edward V. Sapone*

_____

Edward V. Sapone (ES-2553)

Sapone & Petrillo, LLP

40 Fulton Street, 17th Floor

New York, New York 10038

Telephone:    (212) 349-9000

ed@saponepetrillo.com

*Attorneys for Reginald Fowler*