

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 20, 2023

**BY EMAIL/ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *United States v. Reginald Fowler*, S3 19 Cr. 254 (ALC)

Dear Judge Carter:

The Government respectfully submits this letter in opposition to the defendant's request for an adjournment, filed literally at the eleventh hour, after victims of the defendant's scheme have flown to New York to participate in today's sentencing and after months of discussion with the defendant's counsel about the issues supposedly in dispute. While there is no basis for any adjournment, the Government proposes what it believes to be an appropriate compromise—bifurcating some of the restitution proceedings. The Government also includes as attachments letters from entities who claim to be victims of the defendant's conduct, which further support the Government's compromise proposal.

## I.    Background

This sentencing has already been adjourned twice, and during that time, the Government proactively sought to engage with the defendant on sentencing issues. The defendant pleaded guilty in April 2022. At his plea, the Government noted that forfeiture "would be as high as $750 million." April 25, 2022 Fowler Plea Tr. at 36. The Court also noted that it could order restitution and scheduled the defendant's sentencing for September 13. At the request of the defendant, and with the Government's consent, the Court adjourned sentencing for six months, to March 14, 2023. Dkt. No. 118. Beginning in February 2023, *i.e.* weeks prior to the rescheduled sentencing date, the Government provided the defendant with its position on forfeiture and repeatedly asked the defendant to provide his position, in order to streamline any disputed issues before the Court. The Government further highlighted the documents it intended to rely upon to defense counsel on February 21. However, again at the defendant's request, and with the Government taking no position, the Court again adjourned sentencing to April 20, 2023. Dkt. No. 119. The Government provided its specific position on restitution, along with supporting documents, on April 2, 2023.

Defense counsel submitted a 24 page sentencing submission, with eleven supporting exhibits, on April 11, 2023, five days after it was due under the Court's Individual Rules. The Government thus requested a corresponding adjournment to file its submission and proceeded to file an unredacted copy to the Court and defense counsel on April 17, 2023, and a redacted copy to the docket on April 18. The Government arranged with victims of the defendant's crimes to travel to New York from out-of-state, so that they can be present and heard, consistent with the Mandatory Victim Restitution Act, and testify in case of any factual disputes.

## II.     Defendant's Adjournment Request

At 3:30 a.m. this morning, twelve hours before the defendant's sentencing, the defendant has now requested an adjournment. There is simply no basis, under these facts, for this adjournment. Victims have flown in to be heard. The Government has sought to engage with defense counsel on the issues he raises for literally months. And many of the assertions raised by defense counsel in the letter are simply incorrect. First, the Government submitted its letter on April 17 not April 18. Def.'s Letter at 1. Second, the discovery is replete with information about QuadrigaCX, the "Ponzi-like" cryptocurrency exchange advertised on Crypto Capital's website. Def.'s Letter at 1. Third, the Government produced materials to Fowler about the other "wealthy investor," Def.'s Letter at 2, who stepped in as a replacement for Fowler's investment as early as February 2020, USAO-0208448 (in other words, immediately after the Government first indicted Fowler on wire fraud charges), and specifically informed defense counsel by no later than February 20, 2023 that it would only seek restitution on behalf of the AAF for expenses incurred while Fowler was the main investor, not for expenses after this other investor stepped in.

## III.     Victim Letters

The Government also submits two letters from entities who claim to be victims of the above-referenced defendant's fraud.

The first letter is from Shift Markets, and the Government received the letter in July 2022. The letter is referred to in the PSR, ¶¶ 46–47; the Government apologizes for its delay in filing this letter. The second letter is from iFinex (d/b/a Bitfinex), and the Government received the letter this morning.

The Government has generally taken the position in this case that the only party entitled to restitution under the Mandatory Victim Restitution Act is the AAF, which is the named victim in the Indictment. Superseding Indictment ¶ 8. Contrary to the suggestion of Bitfinex, the Government does not believe that operation of an unlicensed money transmission business, under 18 U.S.C. § 1960, is an "offense" covered by the MVRA. 18 U.S.C. § 3663A(c). Some of the other matters described in the letter submitted by Bitfinex, however, do raise additional issues under the restitution laws. *See, e.g.*, *United States v. Goodrich*, 12 F.4th 219, 230 (2d Cir. 2021) (evaluating whether a defendant who pleaded guilty to certain criminal offenses can be subject to an order of restitution with respect to related conduct).

### IV. Government Proposal

While there is no basis for any adjournment based on the defendant's submission, the Government proposes what it believes to be an appropriate compromise.  The Court should proceed today on sentencing regarding a term of imprisonment and forfeiture, issues where the facts are not in dispute and the Government understands there will only be legal arguments.  The Court should allow the Government to present evidence, including potentially witness testimony from the victims who have traveled to New York about restitution, and allow defense counsel to cross-examine any such witnesses.  This is important to minimize actual prejudice to the victims who have traveled to New York to participate in this sentencing proceeding.  The Court could then defer determination of the amount of restitution, as contemplated by 18 U.S.C. § 3664(d)(5) ("[i]f the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing.").  During the subsequent period, defense counsel can provide any other documents to support his calculation of restitution, and if absolutely needed and upon a sufficient showing, recall the Government's witnesses for any additional cross-examination.  During this period, the Government and defense counsel can also evaluate the submission by Bitfinex to determine any appropriate recourse.

The Government believes this compromise would moot the issues raised by defense counsel, and appropriately allow the victims of Fowler's serious and damaging crimes to be heard in a timely fashion.  The Government is available to answer any questions the Court may have.

    Very truly yours,

    DAMIAN WILLIAMS
    United States Attorney

by: /s Samuel Raymond
    Jessica Greenwood
    Samuel Raymond
    Samuel P. Rothschild
    Sheb Swett
    Assistant United States Attorneys
    (212) 637-6519

cc: Edward V. Sapone, Esq. (by e-mail)