UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  _6-29-23_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                  :

UNITED STATES OF AMERICA

                  :     AMENDED PRELIMINARY

        - v. -              ORDER OF FORFEITURE AS TO

                  :     SPECIFIC PROPERTY/MONEY

REGINALD D. FOWLER,         JUDGMENT

                  :     S3 19 Cr. 254 (ALC)

        Defendant.

                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, the Defendant was charged on or about February 20, 2019, in a five-count Superseding Indictment, S3 18 Cr. 294 (ALC) (the "Indictment"), with conspiracy to commit bank fraud in violation of Title 18, United States Code, Section 1349 (Count One); bank fraud in violation of Title 18, United States Code, Sections 1344 (Count Two); conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371 (Count Three); operation of a money transmitting business, in violation of Title 18, United States Code, Section 1960 (Count Four); and wire fraud, in violation of Title 18, United States Code, Section 1344 (Count Five);

WHEREAS, the Indictment contains a forfeiture allegation providing notice of the Government's intent to seek forfeiture, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any property constituting or derived from proceeds obtained directly or indirectly as the result of the offenses alleged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment and the following specific property:

    a.   Any and all funds seized on or about October 23, 2018 from HSBC Bank USA account 141000147, held by Global Trading Solutions LLC (the "GTS Account");

    b.  Any and all funds seized on or about October 23, 2018 from HSBC Bank USA account 697825922, held by Reginald D. Fowler (the "Fowler Account");

    c.  Any and all funds seized on or about October 23, 2018 from HSBC Securities USA account HMB861668, held by Reginald D. Fowler (the "Fowler Securities Account");

    d.  Any and all funds seized on or about November 16, 2018 from Fowler Securities Account; and

    e.  Any and all funds seized on or about November 16, 2018 from HSBC Securities USA/Pershing LLC account HMB878886, held by Global Trading Solutions LLC (the "GTS Securities Account").

(a. through e., collectively, the "Indictment Property").

WHEREAS, the Indictment contains a second forfeiture allegation providing notice of the Government's intent to seek forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offenses charged in Counts Three and Four of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offenses charged in Counts Three and Four of the Indictment and the Indictment Property.

WHEREAS, on or about October 23, 2018, the Government seized $5,917,512.06 in United States currency from the GTS Account (the "GTS Account Seized Funds").

WHEREAS, on or about October 23, 2018, the Government seized $2,324.24 in United States currency from the Fowler Account (the "Fowler Account Seized Funds").

WHEREAS, on or about October 23, 2018 and November 16, 2018, the Government seized at total of $60,157,955.15 in United States currency from the Fowler Securities Account (the "Fowler Securities Account Seized Funds").

WHEREAS, on or about November 16, 2018, the Government seized $2,003,667.79 in United States currency from the GTS Securities Account.

WHEREAS, on or about November 27, 2018, the Government seized $100,000 formerly on deposit in HSBC Bank USA account 0141000201, held in the name of Spiral Global Corporation, LLC seized by the Government on or about November 2, 2018;

WHEREAS, on or about November 27, 2018, the Government seized $3,057.71 formerly on deposit in HSBC Bank USA account 0697690393, held in the name of Reginald Dennis Fowler;

WHEREAS, on or about May 16, 2019, Judge Andrew L. Carter, Jr. of the U.S. District Court for the Southern District of New York, issued a Post-Indictment Restraining Order directing the following accounts located at Canadian Imperial Bank of Commerce ("CIBC") be restrained:

    a.   Any and All funds held at CIBC, in account CC001006882 5108411, held in the name of GTS – Canada Corporation;

    b.   Any and All funds held at CIBC, in account CC001006882 0374016, held in the name of GTS – Canada Corporation;

    c.   Any and All funds held at CIBC, in account CC001099702 4464710, held in the name of GTS – Canada Corporation;

    d.   Any and All funds held at CIBC, in account CC001099702 4113411, held in the name of GTS – Canada Corporation;

    e.   Any and All funds held at Canadian Imperial Bank of Commerce, in account CC001099702 4097513, held in the name of GTS – Canada Corporation; and

    f.   Any and All funds held at Canadian Imperial Bank of Commerce, in account CC001099702 4210719, held in the name of GTS – Canada Corporation;

On or about January 29, 2020, Judge Andrew L. Carter, Jr. of the U.S. District Court for the Southern District of New York, issued a Post-Indictment Restraining Order directing the following accounts located at Santander UK PLC Bank ("Santander") be restrained:

    a.   Any and All funds held at Santander, in account 00080753, held in the name of Global Management Solutions Limit;

    b.   Any and All funds held at Santander, in account 10379431, held in the name of Global Management Group Ltd.;

    c.   Any and All funds held at Santander, in account 10446319, held in the name of CIA Technology Global Ltd.; and

    d.   Any and All funds held at Santander, in account 10446322, held in the name of CIA Technology Global Ltd;

WHEREAS, on or about August 27, 2020, the Government filed a "Forfeiture Bill of Particulars," giving notice of fifty-six bank accounts were included in the property subject to forfeiture;

WHEREAS, on or about April 25, 2022, the Defendant pled guilty to Counts One through Five of the Indictment;

WHEREAS, the Government asserts that $740,249,140.52 in United States currency represents the property constituting or derived from proceeds obtained directly or indirectly as the result of the offenses alleged in Counts One and Two of the Indictment, that the Defendant personally obtained, and all property involved in the commission of the offenses charged in Count Three and Four of the Indictment;

WHEREAS, the Government seeks a money judgment in the amount of $740,249,140.52 in United States currency, pursuant to (i) Title 18, United States Code, Section 982(a)(2)(A) representing the proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained; and (ii) Title 18, United States Code,

Section 982(a)(1) representing the property involved in the offenses charged in Counts Three and Four of the Indictment;

WHEREAS, the Government seeks the forfeiture of all of the Defendant's right, title and interest in the assets listed in Exhibit A attached hereto (the "Specific Property") as (i) proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained and/or (ii) property involved in the offenses charged in Counts Three and Four of the Indictment;

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained and the property involved in Counts Three and Four of the Indictment, with the exception of the Specific Property, cannot be located, upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offenses charged in Counts One and Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $740,249,140.52 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the

Defendant personally obtained and property involved in the offenses charged in Counts Three and Four of the Indictment, shall be entered against the Defendant.

2.    As a result of the offense charged in Counts One through Four of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant REGINALD D. FOWLER, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.    All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.    Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____     6-29-23
HONORABLE ANDREW L. CARTER, JR.      DATE
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

a.  $5,917,512.06 formerly on deposit in HSBC Bank USA account 141000147, held by Global Trading Solutions LLC seized by the Government on or about October 23, 2018;

b.  $2,324.24 formerly on deposit in HSBC Bank USA account 697825922, held by Reginald D. Fowler seized by the Government on or about October 23, 2018;

c.  $60,157,955.15 formerly on deposit in HSBC Securities USA account HMB861668, held by Reginald D. Fowler seized by the Government on or about October 23, 2018 and on or about November 16, 2018;

d.  $2,003,667.79 formerly on deposit in HSBC Securities USA/Pershing LLC account HMB878886, held by Global Trading Solutions LLC seized by the Government on or about November 16, 2018;

e.  $100,000 formerly on deposit in HSBC Bank USA account 0141000201, held in the name of Spiral Global Corporation, LLC seized by the Government on or about November 2, 2018;

f.  $3,057.71 formerly on deposit in HSBC Bank USA account 0697690393, held in the name of Reginald Dennis Fowler;

g.  Any and All funds held at Citibank, in account 207112962, held in the name of Global Trading Solutions LLC;

h.  Any and All funds held at Citibank, in account 206618910, held in the name of Global Trading Solutions LLC;

i.  Any and All funds held at Citibank, in account 207129503, held in the name of Global Trading Solutions LLC;

j.      Any and All funds held at Citibank, in account 207132333, held in the name of Global Trading Solutions LLC;

k.      Any and All funds held at Citibank, in account 207139809, held in the name of Global Trading Solutions LLC;

l.      Any and All funds held at Citibank, in account 207139817, held in the name of Global Trading Solutions LLC;

m.      Any and All funds held at Citibank, in account 207134933, held in the name of Global Trading Solutions LLC;

n.      Any and All funds held at Citibank, in account 207132325, held in the name of Global Trading Solutions LLC;

o.      Any and All funds held at Citibank, in account 207134958, held in the name of Global Trading Solutions LLC;

p.      Any and All funds held at Citibank, in account 42024768923, held in the name of Reginald D. Fowler;

q.      Any and All funds held at Citibank, in account 42001787749, held in the name of Reginald D. Fowler;

r.      Any and All funds held at Citibank, in account 42024769061, held in the name of Reginald D. Fowler;

s.      Any and All funds held at Citibank, in account 57457749, held in the name of Reginald D. Fowler;

t.      Any and All funds held at Citibank, in account 9945530933, held in the name of Reginald D. Fowler;

u.      Any and All funds held at Citibank, in account 207108689, held in the name of

Eligibility Criterion;

v.      Any and All funds on deposit at Deutsche Bank AG, in account 192057016802, held in the name of Global Trade Solutions GMBH;

w.      Any and All funds held at Enterprise Bank, in account 1127548, held in the name of Eligibility Criterion;

x.      Any and All funds held at Enterprise Bank, in account 1241367, held in the name of Eligibility Criterion;

y.      Any and All funds held at Enterprise Bank, in account 1127564, held in the name of Eligibility Criterion;

z.      Any and All funds held at Enterprise Bank, in account 1127652, held in the name of Eurocontrol;

aa.     Any and All funds held at Enterprise Bank, in account 1127644, held in the name of Eurocontrol;

bb.     Any and All funds held at Enterprise Bank, in account 1127177, held in the name of Global Trading Solutions LLC;

cc.     Any and All funds held at Enterprise Bank, in account 1127193, held in the name of Global Trading Solutions LLC;

dd.     Any and All funds held at Enterprise Bank, in account 1128700, held in the name of Reginald D. Fowler;

ee.     Any and All funds held at Enterprise Bank, in account 1128727, held in the name of Reginald D. Fowler;

ff.     Any and All funds held at Enterprise Bank, in account 1127599, held in the name of Spiral Global Development Corporation;

gg.     Any and All funds held at Enterprise Bank, in account 1235784, held in the name of Spiral Sports II;

hh.     Any and All funds held at JP Morgan Chase Bank, in account 296219550, held in the name of Global Trading Solutions LLC; and

ii.     Any and All funds held at JP Morgan Chase Bank, in account 779558365, held in the name of Spiral Global Development;

jj.     Any and All funds held at Suntrust Bank, in account 1000211769301, held in the name of NLE Consulting d/b/a Global Trade Solutions LLC;

kk.     Any and All funds held at Bank of America, in account 898100395306, held in the name of NLE Consulting d/b/a Global Trade Solutions LLC;

ll.     Any and All funds held at Wells Fargo Bank, in account 2514680467, held in the name of NLE Consulting d/b/a Global Trade Solutions LLC;

mm.    Any and All funds held at TD Bank, in account 4350649188, held in the name of NLE Consulting d/b/a Global Trade Solutions LLC;

nn.     Any and All funds held at Canadian Imperial Bank of Commerce, in account CC001006882 5108411, held in the name of GTS – Canada Corporation;

oo.     Any and All funds held at Canadian Imperial Bank of Commerce, in account CC001006882 0374016, held in the name of GTS – Canada Corporation;

pp.     Any and All funds held at Canadian Imperial Bank of Commerce, in account CC001099702 4464710, held in the name of GTS – Canada Corporation;

qq.     Any and All funds held at Canadian Imperial Bank of Commerce, in account CC001099702 4113411, held in the name of GTS – Canada Corporation;

rr.     Any and All funds held at Canadian Imperial Bank of Commerce, in account CC001099702 4097513, held in the name of GTS – Canada Corporation;

ss.     Any and All funds held at Canadian Imperial Bank of Commerce, in account CC001099702 4210719, held in the name of GTS – Canada Corporation;

tt.     Any and All funds held at Santander UK PLC Bank, in account 00080753, held in the name of Global Management Solutions Limit;

uu.     Any and All funds held at Santander UK PLC Bank, in account 10379431, held in the name of Global Management Group Ltd.;

vv.     Any and All funds held at Santander UK PLC Bank, in account 10446319, held in the name of CIA Technology Global Ltd.;

ww.     Any and All funds held at Santander UK PLC Bank, in account 10446322, held in the name of CIA Technology Global Ltd;

xx.     HSBC bank Account 40-05-26 01692372, held in the name of Reginald Fowler;

yy.     HSBC bank Account 40-11-99 84080273, held in the name of Reginald Fowler; and

zz.     HSBC bank Account 40-11-99 84080265, held in the name of Reginald Fowler;

aaa.    Any and All funds held at Caixa Bank, in account 0216076478170, held in the name of Global Trade AG;

bbb.    Any and All funds held at Caixa Bank, in account 0216076477370, held in the name of Global Trade AG;

ccc.    Any and All funds held at Caixa Bank, in account 0216076476570, held in the name of Global Trade AG;

ddd.    Any and All funds held at Caixa Bank, in account 0786071416230, held in the name of Global Trade AG;

eee.        Any and All funds held at Caixa Bank, in account 0786071414070, held in the name of Global Trade AG;

fff.        Any and All funds held at Caixa Bank, in account 0216076111170, held in the name of Global Trade AG;

ggg.        Any and All funds held at Caixa Bank, in account 0216075956230, held in the name of MOGW;

hhh.        Any and All funds held at Caixa Bank, in account 0216076490070, held in the name of MOGW;

((a) through (iii), collectively, the "Specific Property")