UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| - v. - | : **GOVERNMENT'S MOTION IN SUPPORT OF ITS PROPOSED PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS** |
| | : |
| REGINALD D. FOWLER, | : |
| Defendant. | : S3 19 Cr. 254 (ALC) |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets to include certain property of REGINALD D. FOWLER (the "Defendant") as substitute assets, to be applied towards the forfeiture money judgment that was entered against him in the above-captioned case on or about June 15, 2023.

## I. Background

1. On or about February 20, 2020, the Defendant was charged in a five-count Superseding Indictment, S3 19 Cr. 254 (ALC) (the "Indictment"), with conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count One); bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Two); conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371 (Count Three); operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Sections 1960 and 2 (Count Four); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Five).

2. On or about April 25, 2022, the Defendant pled guilty to Counts One through Five of the Indictment.

**The Order of Forfeiture**

3. On or about June 15, 2023, the Court entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment (D.E. 145), which: (i) imposed a forfeiture money judgment against the Defendant in the amount of $740,249,140.52 in United States currency (the "Money Judgment"), representing proceeds the Defendant obtained as a result of the offenses charged in Counts One and Count Two of the Indictment, and the property involved in the offenses charged in Counts Three and Four of the Indictment; and (ii) forfeited all right, title and interest of the Defendant in various specific property (the "Specific Property").

4. To date, the entire Money Judgment entered against the Defendant remains unpaid.[1]

**The Location of Additional Assets**

5. As set forth in the accompanying Declaration of Special Agent George Vargas, the United States has not been able to locate, obtain or collect any assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant.

6. However, the United States has located the following asset of the Defendant:

   a. Check number 2361 in the amount of $35,050.00 payable to Thor, LLC, from 240 Park Avenue South LLC, dated June 30, 2023;

---

[1] The Government has not yet obtained a Final Order of Forfeiture with respect to the Specific Property. However, the amount of the Money Judgment is far in excess of any anticipated recovery from the Specific Property.

( the "Substitute Asset"). The United States is now seeking to forfeit the Defendant's interest in the Substitute Asset and to have it, once forfeited, applied towards the Defendant's outstanding Money Judgment.

7. For the following reasons, the Government respectfully requests that the Substitute Asset be forfeited to the United States and applied as a payment towards the Money Judgment.

### III. Discussion

8. Title 21, United States Code, Section 853(p) provides that, if "as a result of any act or omission of the defendant" any property

>  (A) cannot be located upon the exercise of due diligence;
>  (B) has been transferred or sold to, or deposited with, a third party;
>  (C) has been placed beyond the jurisdiction of the court;
>  (D) has been substantially diminished in value; or
>  (E) has been commingled with other property which cannot be divided without difficulty.

the "court shall order the forfeiture of any other property of the defendant, up to the value of any property" so transferred or moved by the defendant.

9. Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that-

> On the government's motion, the court may <u>at any time</u> enter an order of forfeiture or amend an existing order of forfeiture to include property that:
>
> (B) is substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

10. Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the Defendant's actions or omissions, the United States is unable to locate or obtain the specific proceeds of the Defendant's offenses. *See United States* v. *Alamoudi,* 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property"). If there are persons who claim an interest in the Substitute Asset, they will have an opportunity to challenge the Government's entitlement to the Substitute Asset in the ancillary hearing phase of these proceedings. *See* 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) and (c)(2)(B).  Under Section 853(n) and Rule 32.2(e)(2), the government must provide notice of its intent to dispose of the property to known interested parties. Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(2). If there are no petitions filed or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States. The property will not be disposed of by the Government until all third party claims are resolved by the Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## IV. Conclusion

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith forfeiting all of the Defendant's right, title, and interest in the Substitute Asset to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated:  New York, New York
       July 7, 2023

                              DAMIAN WILLIAMS
                              United States Attorney for the
                              Southern District of New York

By:  _____
      SHEB SWETT
      Assistant United States Attorney
      One St. Andrew's Plaza
      New York, New York 10007
      (212) 637-6522