UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

REGINALD D. FOWLER,

               Defendant.

**DECLARATION OF SPECIAL AGENT GEORGE VARGAS**

S3 19 Cr. 254 (ALC)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK        )
COUNTY OF NEW YORK     : ss.:
SOUTHERN DISTRICT OF NEW YORK )

Special Agent George Vargas, under penalty of perjury, declares:

1. I am a Special Agent with the Internal Revenue Service (the "IRS"). I have been a Special Agent for approximately three and a half years and have taken part in the investigation related to REGINALD D. FOWLER (the "Defendant").

2. I respectfully make this declaration in connection with the Government's application for a Preliminary Order of Forfeiture as to Substitute Assets, as to the following property:

    a) Check number 2361 in the amount of $35,050.00 payable to Thor, LLC, from 240 Park Avenue South LLC, dated June 30, 2023;

(the "Substitute Asset").

3. From my review of the case file, I am familiar with the facts and circumstances of this forfeiture case. Because this declaration is being submitted for a limited purpose, I have not included in it everything I know about this forfeiture case. Where the contents of documents and the actions, conversations, and statements of others are related herein, they are related in substance and in part.

**The Indictment**

4. On or about February 20, 2020, the Defendant was charged in a five-count Superseding Indictment, S3 19 Cr. 254 (ALC) (the "Indictment""), with conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count One); bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Two); conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371 (Count Three); operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Sections 1960 and 2 (Count Four); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Five).

5. The Indictment included a forfeiture allegation with respect to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property, constituting or is derived from proceeds the Defendant obtained, directly or indirectly, as a result of the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment, and various specific property.

6. The Indictment included a second forfeiture allegation with respect to Counts Three and Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offenses charged in Counts Three and Four of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency, representing the amount of property involved in the offenses charged in Counts Three and Four of the Indictment, and various specific property.

7. On April 25, 2022, the Defendant pled guilty to Counts One through Five of the Indictment.

### The Order of Forfeiture

8. On or about June 15, 2023, the Court entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment (D.E. 145), which: (i) imposed a forfeiture money judgment against the Defendant in the amount of $740,249,140.52 in United States currency (the "Money Judgment"), representing proceeds the Defendant obtained as a result of the offenses charged in Counts One and Count Two of the Indictment, and the property involved in the offenses charged in Counts Three and Four of the Indictment; and (ii) forfeited all right, title and interest of the Defendant in various specific property (the "Specific Property").

9. To date the entire Money Judgment entered against the Defendant remains unpaid.[1]

### The Substitute Asset

10. I have conducted an investigation into any assets of the Defendant that may constitute proceeds of the offense or that may be available as substitute assets. In order to locate any additional assets of the Defendant, I conducted asset searches utilizing the CLEAR law enforcement database. All asset searches I performed yielded negative results.

11. To date, the only asset of the Defendant's that I have been able to locate, other than the Specific Property, is the Substitute Asset, which is a shareholder distribution from 240 Park Avenue South, LLC, to its minority shareholder, Thor, LLC, an entity in which the

---

[1] The Government has not yet obtained a Final Order of Forfeiture with respect to the Specific Property. However, the amount of the Money Judgment is far in excess of any anticipated recovery from the Specific Property.

Defendant has an interest. *See Equity Solutions, LLC v. Fowler*, No. CV-12-02646-PHX-FJM, 2014 WL 3845095 (D. Ariz. Aug. 5, 2014).

      I declare under penalties of perjury that the foregoing is true and correct, pursuant to Title 28, United States Code, Section 1746.

Dated: New York, New York
       July __7__, 2023

_____
GEORGE VARGAS
Special Agent
Internal Revenue Service