

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

July 14, 2023

**BY ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Reginald Fowler*, S3 19 Cr. 254 (ALC)

Dear Judge Carter:

    The Government respectfully requests that the Court revoke the defendant's bail and order him to report immediately to the custody of the United States Marshals in the District of Arizona to begin serving his sentence, because he has continued to attempt to financial misconduct while on bail awaiting self-surrender.

    **I.**    **Factual Background**

    The Court sentenced the defendant to 75 months' imprisonment on June 5, 2023.  The Government requested that the Court remand the defendant to custody that day.  The Court ultimately agreed, however, that the defendant could remain on bail and self-surrender on June 30, after finding "by clear and convincing evidence that he's not likely to flee" and that he did not "pose[] a danger to the safety of the community."  (Sentencing Tr. at 66).  The Court did impose GPS monitoring at the Government's request.  (Sentencing Tr. at 67).

    On June 29, the defendant wrote to the Court to request an adjournment of the self-surrender date based on his medical condition. (Dkt. No. 148).  The Court agreed to adjourn the defendant's self-surrender date to August 18, 2023.  (Dkt. No. 149).

    The Government also learned on June 29 that—contrary to the Court's order—the Pretrial Services Office in the District of Arizona, where the defendant is being supervised, had not fastened him with GPS monitoring. After consultation with the Pretrial Services Office in the Southern District of New York, the Government understands that the Pretrial Services Office in Arizona fasten the defendant with a GPS monitor on July 13, 2023.

    This week, the Government learned that the defendant has attempted to engage in financial misconduct as recently as about this month.  According to a witness the Government spoke with ("Witness-1"), the defendant has been renting out a property located in Fort Worth, Texas (the "Fort Worth Property") to Witness-1 for the past few years.  Witness-1 paid June's  rent to the

Honorable Andrew L. Carter, Jr.
United States District Judge
July 14, 2023
Page 2

defendant. On or about July 7, 2023, the defendant contacted Witness-1 to ask for Witness-1 to pay July's rent. Before sending the July rent, Witness-1 learned that Fowler had recently sold the Fort Worth Property to another person, and refused to send Fowler the rent because the Property no longer belonged to him. According to records from Tarrant County, Texas, the Fort Worth Property was sold to a new owner on or about June 30, 2023.

The Government notes that the defendant did not complete a full financial affidavit before sentencing, and that the information he provided "showed numerous inconsistencies." (Presentence Investigation Report ¶ 114). He did not list the Fort Worth Property on his affidavit, and never disclosed his real estate holdings, despite being directed to do so by Probation before sentencing. (*Id.*).

## II. Legal Standard

The Court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment . . . be detained," unless the Court finds first "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(b)(1)(A).

Danger to the community includes not just violence, but also economic danger. *See, e.g., United States v. Madoff*, 316 F. App'x 58, 59-60 (2d Cir. 2009) ("[W]e note that there was substantial evidence in the record to support a finding by the district court that bail [pending sentencing] should be denied to the defendant because he had failed to prove by clear and convincing evidence that he does 'not . . . pose a danger to the [pecuniary] safety of any other person or the community if released . . . .'"). The Bail Reform Act lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the defendant, including the person's "character . . . [and] financial resources"; and (4) the seriousness of the danger posed by the defendant's release. *See* 18 U.S.C. § 3142(g). Evidentiary rules do not apply at detention hearings, and the Government is entitled to present evidence by way of proffer, among other means. *See* 18 U.S.C. § 3142(f)(2); *see also United States v. LaFontaine*, 210 F.3d 125, 130-31 (2d Cir. 2000) (Government entitled to proceed by proffer in detention hearings).

Additionally, Section 3148(b) of the Bail Reform Act, 18 U.S.C. § 3148 *et seq.*, provides that a defendant's bail may be revoked if the defendant either commits a crime on pretrial release, or violates any condition of release. Specifically, Section 3148(b) provides that the defendant's bail must be revoked if, after a hearing,[1] the Court finds: (1) that there is either (A) probable cause to believe that the defendant has committed a federal, state, or local crime while on release, or (B) clear and convincing evidence that the person has violated any other condition of release; and

---

[1] The Second Circuit has noted that "[b]ail revocation hearings are 'typically informal' affairs." *United States v. Bartok*, 472 F. App'x 25, 26 (2d Cir. 2012) (summary order) (citation omitted). "It is well established in this [C]ircuit that proffers are permissible both in the bail determination and bail revocation contexts." *LaFontaine*, 210 F.3d at 131.

Honorable Andrew L. Carter, Jr.
United States District Judge
July 14, 2023
Page 3

(2) that either (A) there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, or (B) the defendant is unlikely to abide by any condition or combination of conditions of release.  18 U.S.C. § 3148(b).

"Probable cause under § 3148(b)(1)(A) requires only a 'practical . . . probability' that the evidence supports a finding 'that the defendant has committed a crime while on bail.'" *LaFontaine*, 210 F.3d at 133 (citations omitted).  Moreover, "[i]f there is probable cause to believe that, while on release, the [defendant] committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."  18 U.S.C. § 3148(b).

Honorable Andrew L. Carter, Jr.
United States District Judge
July 14, 2023
Page 4

### III.    Discussion

There is simply no reason to allow the defendant to remain out of prison until August 18. Despite imposition of a lengthy sentence to address the defendant's serious and long running economic crimes, despite this Court's repeated warnings, and despite its expressed hope that the defendant "stay focused on trying to make [him]self better" and "return to being a productive member of society when [he] [is] released" (Sentencing Tr. 67–68), the defendant attempted to take money from Witness-1 to which he was not entitled, conduct that poses an economic danger to members of the community. His opaque finances—including his failure to disclose his involvement with the property at issue here—means that the Government has only a limited ability to track any further misconduct, and allowing him to remain at liberty could further endanger the financial safety of the community. The legal standard requires detention after sentencing unless the Court finds "by clear and convincing evidence" that he is not a danger to the community; these recent allegations make clear that he cannot meet that standard, and that no set of conditions can deter him. 18 U.S.C. § 3143(b)(1)(A). The Court should order that the defendant report to the U.S. Marshals in the District of Arizona immediately, to begin serving his sentence.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   *Samuel Raymond*
Jessica Greenwood
Samuel L. Raymond
Samuel P. Rothschild
Sheb Swett
Assistant United States Attorneys
(212) 637-1090/2504/6522

cc:   Edward Sapone, Esq. (by ECF)