UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **GOVERNMENT'S MOTION IN SUPPORT OF ITS PROPOSED SECOND PRELIMINARY ORDER OF FORFEITURE AS TO <u>SUBSTITUTE ASSETS</u>** |
| | : | |
| - v. - | : | |
| | : | |
| REGINALD D. FOWLER, | : | S3 19 Cr. 254 (ALC) |
| Defendant. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Second Preliminary Order of Forfeiture as to Substitute Assets to include certain property of REGINALD D. FOWLER (the "Defendant") as substitute assets, to be applied towards the forfeiture money judgment that was entered against him in the above-captioned case on or about.

## I. <u>Background</u>

1.     On or about February 20, 2020, REGINALD D. FOWLER (the "Defendant"),  was charged in a five-count Superseding Indictment, S3 19 Cr. 254 (ALC) (the "Indictment"), with conspiracy to commit bank fraud in violation of Title 18, United States Code, Section 1349(Count One), bank fraud in violation of Title 18, United States Code, Sections 1344 and 2 (Count Two); conspiracy to operate an unlicensed money transmitting business in violation of Title 18, United States Code, Section 371 (Count Three); operation of an unlicensed money transmitting business in violation of Title 18, United States Code, Sections 1960 and 2 (Count Four); wire fraud in violation of Title 18, United States Code, Sections 1343 and 2 (Count Five);

2.     On or about April 25, 2022, the Defendant pled guilty to Counts One through Five of the Indictment.

**The Orders of Forfeiture**

3.      On June 29, 2023, the Court entered an Amended Preliminary Order of Forfeiture as to Specific Property and Money Judgment (the "Amended Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $740,249,140.52 in United States currency (the "Money Judgment") representing pursuant to (i) Title 18, United States Code, Section 98(a)(2)(A), the proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personal obtained; and (ii) Title 18, United States Code, Section 982(a)(1), the property involved in the offenses charged in Counts Three and Four of the Indictment; and forfeiting all right, title and interest of the Defendant in various specific property (the "Specific Property")(D.E.146).

4.      On or about May 15, 2024, the Court entered a Final Order of Forfeiture forfeiting all right, title and interest in the Specific Property to the Government.

5.      On or about July 27, 2023, the Court entered a Preliminary Order of Forfeiture as to Substitute Assets, forfeiting Defendant's right, title and interest in check number 2361 in the amount of $35,050.00 payable to Thor, LLC, from 240 Park Avenue South LLC, dated June 30, 2023 (D.E. 154).[1]

6.      To date, $672,064,622.57 of the Money Judgment against the Defendant remains unpaid.[2]

---

[1]      The Government has not obtained a Final Order of Forfeiture for this asset and as such the asset has not been applied to reduce the value of the outstanding Money Judgment.

[2]      Some of the Specific Property has not yet been seized and/or liquidated and as such has not been applied towards the satisfaction of the Money Judgment. However, the estimated value of those assets is significantly less than the outstanding Money Judgment.

**The Location of Additional Assets**

7.      As set forth in the Declaration of George Vargas (the "Vargas Declaration"), the United States has not been able to locate, obtain or collect any assets traceable to the proceeds of the Defendant's offenses to satisfy the outstanding Money Judgment entered on June 15, 2023.

8.      However, the United States has located the following assets of the Defendant:

a.      Thor, LLC;

b.      301 9th Avenue South, LLC;

c.      309 9th Avenue South, LLC;

d.      811 3rd Street South, LLC; and

e.      240 Park Avenue, LLC;

(a through e., collectively, the "Substitute Assets")[3] and to have them, once forfeited, applied as a payment towards the satisfaction of the Defendant's outstanding Money Judgment.

9.      For the following reasons, the Government respectfully requests that all of the Defendant's right, title and interest in the Substitute Assets be forfeited to the United States, and applied as a payment towards the Money Judgment.

**III.   Discussion**

10.     Title 21, United States Code, Section 853(p) provides that, if "as a

---

3 The estimate value of the Substitute Assets are significantly less than the outstanding Money Judgment even while taking into account the Specific Property not yet liquidated and the asset not yet finally forfeited to the Government.

3

result of any act or omission of the Defendant" any property

> (A)    cannot be located upon the exercise of due diligence;
> (B)    has been transferred or sold to, or deposited with, a third party;
> (C)    has been placed beyond the jurisdiction of the court;
> (D)    has been substantially diminished in value; or
> (E)    has been commingled with other property which cannot be divided without difficulty.

the "court shall order the forfeiture of any other property of the Defendant, up to the value of any property" so transferred or moved by the defendant.

11.    Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that-

> On the government's motion, the court may <u>at any time</u> enter an order of forfeiture or amend an existing order of forfeiture to include property that:
>
> (B) is substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

12.    Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the Defendant's actions or omissions, the United States is unable to locate or obtain the specific proceeds of the defendant's offenses.   *See United States* v. *Alamoudi,* 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property"). If there are persons who claim an interest in the Substitute Asset, they will have an opportunity to challenge the Government's entitlement to the Substitute Asset in the ancillary hearing phase of these proceedings. *See* 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) and (c)(2)(B).   Under Section 853(n) and Rule 32.2(e)(2), the

government must provide notice of its intent to dispose of the property to known interested parties. Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(2). If there are no petitions filed or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States. The property will not be disposed of by the Government until all third party claims are resolved by the Court.

## IV.  <u>Conclusion</u>

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith forfeiting all of the Defendant's right, title, and interest in the Substitute Assets to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated:   New York, New York
         November 8, 2024

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
Sheb Swett
Assistant United States Attorney
26 Federal Plaza
New York, New York 10278
(212) 637-6522