UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA

  - v. -

REGINALD D. FOWLER,

            Defendant.

------------------------------------- x

**DECLARATION OF TODD McGEE**

S3 19 Cr. 254 (ALC)

STATE OF NEW YORK       )
COUNTY OF NEW YORK    ) ss.:
SOUTHERN DISTRICT OF NEW YORK )

      Special Agent Todd McGee, under penalty of perjury, declares:

      1.     I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been a Special Agent for over approximately seven years, and I have participated in numerous investigations involving financial crimes and the forfeiture of assets. I am familiar with the facts contained in this declaration through my participation in the investigation related to REGINALD D. FOWLER (the "Defendant")

      2.     I respectfully make this declaration in connection with the Government's application for a Second Preliminary Order of Forfeiture as to Substitute Assets, as to the following assets in which the defendant has an ownership interest and/or membership interest:

      a.     Thor, LLC;

      b.     301 9th Avenue South, LLC;

      c.     309th Avenue South, LLC;

      d.     811 3rd Street South, LLC; and

      e.     240 Park Avenue, LLC

1

(a. through e., collectively, the "Substitute Assets").

3. From my review of the case file, I am familiar with the facts and circumstances of this forfeiture case. Because this declaration is being submitted for a limited purpose, I have not included in it everything I know about this forfeiture case. Where the contents of documents and the actions, conversations, and statements of others are related herein, they are related in substance and in part.

### The Indictment

4. On or about February 20, 2020, REGINALD FOWLER (the "Defendant"), was charged in a five-count Superseding Indictment, S3 19 Cr. 254 (ALC) (the "Indictment"), with conspiracy to commit bank fraud in violation of Title 18, United States Code, Section 1349 (Count One), bank fraud in violation of Title 18, United States Code, Sections 1344 and 2 (Count Two); conspiracy to operate an unlicensed money transmitting business in violation of Title 18, United States Code, Section 371 (Count Three); operation of an unlicensed money transmitting business in violation of Title 18, United States Code, Sections 1960 and 2 (Count Four); and wire fraud in violation of Title 18, United States Code, Sections 1343 and 2 (Count Five).

5. The Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property, constituting or is derived from proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offenses charged in Counts and Two of the Indictment, and various specific property.

6. The indictment included a second forfeiture allegation as to Counts Three and Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offenses

2

charged in Counts Three and Four of the Indictment, seeking forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offenses charged in Counts Three and Four of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency, representing the amount of property involved in the offenses charged in Counts Three and Four of the Indictment, and various specific property.

7.  The Indictment also included a substitute asset provision as to Counts One and Two of the Indictment providing notice that if as a result of the Defendant's actions or omissions forfeitable property is unable to be located or obtained, the United States will seek, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), the forfeiture of any other property of the Defendant.

8.  On or about April 25, 2022, the Defendant pled guilty to Counts One through Five of the Indictment.

### The Order of Forfeiture

9.  On June 29, 2023, the Court entered an Amended Preliminary Order of Forfeiture as to Specific Property and Money Judgment (the "Amended Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $740,249,140.52 in United States currency (the "Money Judgment") representing pursuant to (i) Title 18, United States Code, Section 98(a)(2)(A), the proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personal obtained; and (ii) Title 18, United States Code, Section 982(a)(1), the property involved in the offenses charged in Counts Three and Four of the Indictment; and forfeiting all right, title and interest of the Defendant in various specific property (the "Specific Property")(D.E.146).

10. On or about May 15, 2024, the Court entered a Final Order of Forfeiture forfeiting all right, title and interest in the Specific Property to the Government.

11. On or about July 27, 2023, the Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Assets Order of Forfeiture"), forfeiting defendant's right, title and interest in check number 2361 in the amount of $35,050.00 payable to Thor, LLC, from 240 Park Avenue South LLC, dated June 30, 2023(D.E. 154).[1]

12. Currently, $672,064, 622.57 of the Money Judgment against the Defendant remains unpaid.[2]

### The Substitute Asset

13. I have conducted an investigation into any assets of the Defendant that may constitute proceeds to the offense or that may be available as substitute assets. In order to locate any assets of the Defendant, I conducted searches utilizing the law enforcement databases. All asset searches I performed yielded negative results.

14. To date, the only assets I have been able to locate, are the Substitute Assets.[3]

15. I declare under penalties of perjury that the foregoing is true and correct, pursuant to Title 28, United States Code, Section 1746.

Dated: New York, New York
October 2, 2024

_Todd McGee_
Todd McGee
Special Agent
Federal Bureau of Investigation

---

1 The Government has not obtained a Final Order of Forfeiture for this asset and as such the asset has not been applied to reduce the value of the outstanding Money Judgment.
2 Some of the Specific Property has not yet been seized and/or liquidated and as such has not been applied towards the satisfaction of the Money Judgment. However, the estimated value of those assets is significantly less than the outstanding Money Judgment.
3 The estimate value of the Substitute Assets are significantly less than the outstanding Money Judgment even while taking into account the Specific Property not yet liquidated and the asset not yet finally forfeited to the Government.