UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. S3 19-CR-254-01 (ALC)

     - against -                      MOTION FOR REDUCTION
                                           OF SENTENCE BASED ON
                                           AMENDED U.S.S.G. § 4C1.1
                                           AND PURSUANT TO
                                           18 U.S.C. §§ 3582(c)(2) and 3553(a)

REGINALD FOWLER,

                Defendant.

------------------------------------------------------------------x

## MOTION FOR REDUCTION OF SENTENCE

Edward V. Sapone, Esq.
Sapone & Petrillo, LLP
40 Fulton Street / 17th Floor
New York, NY 10038
(O): (212) 349-9000
(E): ed@saponepetrillo.com

**INTRODUCTION**

Reginald Fowler ("Reggie") was born into circumstances with no advantage, guidance, or role models. Raised by various extended family members through the 1960s in the Deep South, and plagued by poverty, he nevertheless overcame these initial obstacles and was able to build a life of prosperity and respect. Through education, perseverance, and grit, Reggie was able to earn his Bachelor's and Master's degrees, complete pilot's license, and build successful interstate development projects that he managed himself, along with dedicated employees whom he cherished and supported. He became a real estate developer, taking on projects that mattered to him, conducting his business with determination, professionalism, and dignity. Reggie made sure to give back into the communities that he felt had given him the safety and confidence to thrive as an adult. He's built playgrounds for children and indoor volleyball courts to serve as recreation centers. He's built a grade school facility and a charter high school. He has been a dedicated employer and friend, with many stories emerging of his generosity, notwithstanding the instant offense.

In his personal life, Reggie was a devoted father who helped his son battle addiction-- an illness that would eventually take his son's young life during the time period that Reggie engaged in the instant misconduct. What is clear is that Reginald Fowler spent upwards of six decades building a life he was proud of: one that defied the lot into which he was born, overcoming untold amounts of prejudice, disadvantage, and hardship.  But sadly, he forfeited the life he once knew when, on June 5, 2023, Your Honor sentenced him for his role in both substantive and conspiratorial bank fraud.

Reggie now sits in the FCI La Tuna, filled with remorse, and broken-hearted that he jeopardized the life he had so painstakingly built for himself. For over two years, he has been

steadfastly facing the mistakes he had made in the pursuit of greater profit, greater success, and greater achievement.

Your Honor sentenced Reggie to 75 months of incarceration followed by three years of supervised release. At the time of sentencing, the 2021 Guidelines applied, and his advisory Guidelines range was 97-121 months. Recently, the Guidelines have been amended for so-called zero-point offenders like Reggie. Under new §4C1.1, if zero-point offenders meet the criteria of the Guidelines, judges like Your Honor can reduce their Guidelines by two levels, resentence them, and reduce their sentences.[1] *See* Exhibit 1, at 18.

In adopting these changes to the Guidelines, the Commission expressly sought to fulfill Congress's directive that the Commission "achieve Congress's goal of not 'subjecting . . . largely productive and benign citizens to lengthy periods of incarceration, which impact not only their lives but those of their families, businesses, and communities.'" *Id.* at 18.[2] On August 24, 2023, the Commission voted to provide for retroactive application of newly adopted §4C1.1. *See* U.S.S.G., U.S. Sentencing Commission Votes to Allow Retroactive Sentence Reductions and Announces its next Set of Policy Priorities, https://www.ussc.gov/about/news/press-releases/august-24-2023 (Aug. 24, 2023).

During his incarceration, Reggie has proven that his crime was a diversion from an otherwise law-abiding life. Reggie has actively availed himself of opportunities to work and to further educate himself. He participates in available programs, and consistently helps others. He

---

[1] The amendments adopted by the USSG on April 5, 2023, have become effective as of November 1, 2023. *See* United States Sentencing Commission, Amendments to the Sentencing Guidelines (Preliminary) (April 5, 2023), available at https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023.
[2] Quoting Michael Bauer, Comment to the United States Sentencing Commission (Jan. 28, 2023)).

3

has completed his needs assessments, and he has completed more than 40 programs. Reggie works out daily, maintaining his new-found dedication to health and physical wellness since the beginning of his incarceration. In the first correctional facility in which he was detained (in Tucson, Arizona), he organized and re-vamped the recreation area, instituting various organizational measures for fellow inmates. At Big Spring, Texas, he created courses, updated curricula for existing courses, and then taught classes for the education department, including American History, Western Civilization, and full-certification HVAC classes. During his current placement, he has further expanded his pedagogical horizons, teaching Solar Systems, Wonders of the Universe, Nature's Fury, Ancient Civilizations, Ancient Greece, Lost Civilizations, Global History, Civil War, World War I, World War II, States and Capitals, Reading Mysteries and American Poetry: Music to My Ears.

In short, Reggie has demonstrated, through good-faith efforts and impressive persistence, his substantial rehabilitation. If Your Honor grants our request to reduce his Guidelines under new §4C1.1, he will not disappoint you, but will instead return home more quickly so he can rebuild his life and live out his golden years doing what he's always done: supporting the community, helping others, and doing his best to make a difference.

## ARGUMENT

## DEFENDANT REGINALD FOWLER SHOULD
## BE RESENTENCED UNDER NEW §4C1.1

The Court should reduce Defendant Reginald Fowlers's offense level 30 (97-121 months) mindful of U.S.S.G. §4C1.1 and 18 U.S.C. §3553(a).

This Court has the authority to reduce Reggie's sentence under 18 U.S.C. §3582(c)(2), which provides in pertinent part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c)(2); s*ee also United States v. Medrano*, No. 06-CR-61 (LTS), 2021 WL 1856676, at *2 (S.D.N.Y. May 10, 2021)(under 18 U.S.C. §3582(c)(2), a court may reduce a defendant's sentence to any length of time within the amended sentencing range, "after considering the section 3553(a) factors, if it finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

If he were sentenced today, as a zero-point offender Mr. Fowler would be entitled to the 2- level reduction to his total offense level under §4C1.1.

A defendant is entitled to this two-level reduction if he meets the following 10 criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious

>Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1.

Here, at the time of his sentencing, Reggie had zero criminal history points; he did not receive an adjustment under §3A1.4; the offense of conviction is not a crime of violence and he did not otherwise use violence or credible threats of violence in connection with the offense; the offense did not result in death or serious bodily injury; the instant offense of conviction is not a sex offense; Reggie did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; the instant offense of conviction is not covered by §2H1.1; Reggie did not receive an adjustment under §3A1.1; he did not receive an adjustment under §3B1.1; and he was not engaged in a continuing criminal enterprise. In short, there is no question that Reggie meets the 10 criteria for a 2-level reduction under U.S.S.G. §4C1.1.

While Reggie's misconduct undoubtedly caused financial harm to the victims, that harm is not the type of "substantial financial hardship" contemplated by the Guidelines. The Guidelines provide that in determining whether the offense resulted in substantial financial hardship to a victim, the court shall consider, among other factors, whether the offense resulted in the victim—

>(i) becoming insolvent; (ii) filing for bankruptcy under the Bankruptcy Code (title 11, United States Code); (iii) suffering substantial loss of a retirement, education, or other savings or investment fund; (iv) making substantial changes to his or her employment, such as postponing his or her retirement plans; (v) making substantial changes to his or her living arrangements, such as relocating to a less expensive home; and (vi) suffering substantial harm to his or her ability to obtain credit.

With respect to the Court's consideration of the factors set forth in 18 U.S.C. §3553(a), Reggie respectfully asks that Your Honor consider his efforts at work, education, helping fellow inmates, and his record while incarcerated. He also incorporates by reference the information he submitted to the Court in his sentencing memorandum dated April 10, 2023, including his dedication to helping children in their local communities.

**CONCLUSION**

Accordingly, I am respectfully asking Your Honor to reduce Defendant Reginald Fowlers's sentence based on amended U.S.S.G. §4C1.1. On behalf of Defendant Reginald Fowler, I very much appreciate your consideration of my request.

Dated: New York, New York
August 8, 2025

Respectfully submitted,

*/s/ Edward V. Sapone*

Edward V. Sapone (ES-2553)
Sapone & Petrillo, LLP
40 Fulton Street, 17th Floor
New York, New York 10038
Telephone:    (212) 349-9000
Email:  ed@saponepetrillo.com

*Attorneys for Defendant Reginald Fowler*

cc: AUSA Sebastian Swett
AUSA Samuel Raymond
AUSA Samuel Rothschild