USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _6 - 1-26_

**SAPONE & PETRILLO, LLP**
*Boutique Litigation Law Firm*
40 Fulton Street / 17th Floor
New York, NY 10038
(O): (212) 349-9000
(E): ed@saponepetrillo.com
www.saponepetrillo.com

February 6, 2026

**BY ECF**
The Honorable Andrew L. Carter
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 1007

Re: *United States v. Reginald Fowler*
*Docket No. 19 Cr. 254 (ALC)*

Dear Judge Carter:

I am counsel to Defendant Reginald Fowler. I write to inform Your Honor that Mr. Fowler will not be submitting a motion for your consideration pursuant 18 U.S.C. § 3582(c)(2) (commonly referred to as the zero-point offender two-level reduction), and he respectfully withdraws any prior applications for the same relief.

Simply put, there exists, no legal authority for this relief. Mr. Fowler received a sentence of 75 months of imprisonment. This sentence is lower than any sentence he would have received even if he had been granted 18 U.S.C. § 3582(c)(2) (or U.S.S.G.§ 4C1.1) relief, i.e. his sentence was well-below the minimum sentence two-levels below his adjusted offense level at his sentencing.

The applicable law supports this:

"§1B1.10. REDUCTION IN TERM OF IMPRISONMENT AS A RESULT OF AMENDED GUIDELINE RANGE (POLICY STATEMENT). 1B1.10(b)(2)(A): (2) Limitation and Prohibition on Extent of Reduction.—

(A) Limitation.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection"; U.S.S.G. Amendment 821 (explaining same); *see also United States v. Sardarova*, No. 20 CR. 681 (JPC), 2024 WL 259775, at *3 (S.D.N.Y. Jan. 12, 2024)(denying 18

U.S.C. § 3582(c)(2) relief as "sentence of 27 months' imprisonment [. . .] fell below the low end of that amended range [, i.e. the range two levels lower than the adjusted offense level at her sentencing]."

Accordingly, as Mr. Fowler is not entitled to the two-level reduction, we will not be submitting a request.

Your Honor's consideration is very much appreciated.

Respectfully submitted,

*Edward V. Sapone*
Edward V. Sapone (ES-2553)

cc: AUSA Samuel P. Rothschild (By ECF)

2